# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2385

_____

| | |
|---|---|
| Andrew Sasser, | * |
| | * |
| Appellant, | * |
| | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Western District of Arkansas. |
| Larry Norris, Director, Arkansas | * |
| Department of Corrections, | * |
| | * |
| Appellee. | * |
| | * |

_____

Submitted: September 25, 2008
Filed: January 23, 2009

_____

Before RILEY, BRIGHT, and MELLOY, Circuit Judges.

_____

RILEY, Circuit Judge.

Andrew Sasser (Sasser) appeals the district court's denial of his Second Supplemental and Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Sasser argues the district court erred by ruling Sasser is not entitled to an evidentiary hearing on his claims that his death sentence (1) violates his Eighth Amendment rights because he is mentally retarded, and (2) should be vacated because his trial counsel was ineffective for failing to investigate and develop the mental

retardation issue at trial. We reverse and remand to the district court for an Atkins[1] evidentiary hearing to adjudicate the merits of Sasser's mental retardation claim. We affirm the district court's denial of relief on Sasser's ineffective assistance of counsel claim.

## I. BACKGROUND

Sasser is an Arkansas state prisoner sentenced to death in 1994 for the July 1993 brutal murder of Jo Ann Kennedy, a convenience store clerk. In 1995, the Arkansas Supreme Court affirmed Sasser's conviction and sentence, Sasser v. Arkansas, 902 S.W.2d 773, 779 (Ark. 1995), and in 1999 affirmed the denial of Sasser's application for state post-conviction relief, Sasser v. Arkansas, 993 S.W.2d 901, 903 (Ark. 1999). On July 7, 2000, Sasser filed a petition for writ of habeas corpus in the United States District Court for the Western District of Arkansas challenging his conviction and sentence. Sasser later filed an amended petition. The Arkansas district court denied Sasser's petition on May 28, 2002.

On June 20, 2002, the United States Supreme Court issued its decision in Atkins, "[c]onstruing and applying the Eighth Amendment in the light of our 'evolving standards of decency,'" and concluding execution of mentally retarded persons is cruel and unusual punishment in violation of the Eighth Amendment. 536 U.S. at 321 (quoting Ford v. Wainwright, 477 U.S. 399, 405 (1986)). On June 27, 2002, Sasser filed his notice of appeal from the district court's denial of his habeas petition. On June 18, 2003, Sasser filed a motion in this court styled "Appellant's Supplemental Motion to Remand to the District Court or in the Alternative Motion to File a Second or Successive Habeas Corpus Petition." Sasser sought remand so the district court could consider his claim that, under Atkins, he is mentally retarded and ineligible for the death penalty. This court granted Sasser's motion to remand on August 15, 2003, stating, "[t]he issue on remand is limited to the question of whether

_____

[1]Atkins v. Virginia, 536 U.S. 304 (2002).

Mr. Sasser is mentally retarded and whether pursuant to [Atkins], the Eighth Amendment prohibits his execution." We also explained the remand would be treated as a successive habeas petition rather than as an amendment to Sasser's earlier petition, declaring, "[t]o the extent the request for remand is the functional equivalent to an application to file a successive habeas petition, the motion to file such a successive petition is granted."

On August 29, 2003, the government filed a motion for rehearing, arguing Sasser had not yet exhausted his mental retardation claim in Arkansas state court. On March 9, 2004, this court issued an amended judgment directing the district court to first determine whether Sasser had exhausted his claim in Arkansas state court and, if the district court determined Sasser had a viable state court remedy, to consider holding the remanded petition in abeyance pending resolution of the claim by the Arkansas state courts.

On remand, Sasser filed a motion for extension of time, which the district court granted, and on September 3, 2004, Sasser filed a "Second Supplemental and Amended Petition" setting forth his mental retardation claim. Sasser also presented several other claims, including a claim his attorney was constitutionally ineffective for failing to investigate and develop the mental retardation issue at Sasser's trial. On August 22, 2005, the United States Supreme Court denied certiorari in Engram v. Arkansas, 200 S.W.3d 367 (Ark. 2004), thereby establishing Sasser did not have a viable Arkansas state court remedy.[2]

---

[2]In Engram, the Arkansas Supreme Court held the defendant was not entitled to have a mandate affirming his death sentence recalled based on the Supreme Court's subsequent decision in Atkins. The court reasoned the defendant could have raised the mental retardation issue at trial by availing himself of an Arkansas statute in effect at the time of trial that prohibited the execution of mentally retarded individuals. Engram, 200 S.W.3d at 371.

On November 22, 2005, the district court entered a scheduling order, stating, "the Court has determined that any outstanding issues concerning the presentation of evidence on the issue of mental retardation need to be resolved in a timely fashion." The district court ordered any motions regarding mental evaluations of Sasser be filed by January 13, 2006. On January 13, 2006, Sasser filed a discovery motion indicating he needed to prepare a complete social history so he could identify which experts would be needed to evaluate him. Sasser also requested permission to serve a subpoena duces tecum on various entities and individuals. The district court granted Sasser's motion to conduct discovery, stating discovery would "allow facts to be presented to the Court to assist with the question of whether an evidentiary hearing is warranted." On June 14, 2006, the district court ordered that discovery be completed by July 31, 2006, and any additional motions (including motions for an evidentiary hearing) be filed by August 31, 2006. The court warned, "Petitioner's failure to file the above mentioned motions will constitute notice to the Court that Petitioner does not intend to present additional evidence regarding his mental retardation claim." Sasser filed no additional motions.

On January 9, 2007, without holding an evidentiary hearing, the district court denied Sasser's Second Supplemental and Amended Petition in its entirety. The district court determined Sasser's claim that his death sentence violates the Eighth Amendment was procedurally defaulted because Sasser did not raise the issue in state court. The district court found Sasser did not satisfy the "cause and prejudice" exception to procedural default because he could have raised the retardation issue during trial under an Arkansas statute prohibiting execution of mentally retarded persons. The district court also found Sasser did not satisfy the "actual innocence" exception to procedural default because he failed to present sufficient evidence of his mental retardation.

With respect to Sasser's ineffective assistance of counsel claim, the district court concluded, "[t]he Eighth Circuit limited the issue on remand to 'the question of

whether Mr. Sasser is mentally retarded and whether pursuant to [Atkins], the Eighth Amendment prohibits his execution'. . . . [Therefore] [t]he only proper claim before the Court is whether Petitioner is mentally retarded and whether his execution is prohibited by the Eighth Amendment."

On appeal, Sasser maintains his mental retardation claim was not procedurally defaulted by his failure to raise the claim in Arkansas state court. Sasser argues he is entitled to an evidentiary hearing to present evidence in support of his claim that he is mentally retarded and the Eighth Amendment prohibits his execution. Sasser also contends the district court erred by denying an evidentiary hearing on Sasser's claim that his trial counsel was ineffective for failing to investigate and present evidence of Sasser's mental retardation during the penalty phase of Sasser's trial.

## II.    DISCUSSION
### A.    Eighth Amendment Claim
"We review a district court's finding of procedural default *de novo*." Schawitsch v. Burt, 491 F.3d 798, 802 (8th Cir. 2007) (citing Kerns v. Ault, 408 F.3d 447, 449 (8th Cir. 2005)).

Sasser contends this court's decision in Simpson v. Norris, 490 F.3d 1029 (8th Cir. 2007), requires the district court hold an evidentiary hearing on the merits of Sasser's mental retardation claim. We agree. In Simpson, the district court denied the petitioner an evidentiary hearing on his Atkins claim in part "because 'before trial, at trial, or in his post-conviction petition,' [the petitioner] did not present a mental retardation defense to the death penalty (a defense that was available to him under state law, *see* Ark. Code. § 5–4–618)." Id. at 1034. The Simpson petitioner argued the district court erred by holding his Eighth Amendment mental retardation claim under Atkins was defaulted by an omission that occurred before Atkins was decided. Id. at 1032. We reversed, explaining,

> We think, contrary to the district court's holding, that the availability of a similar claim under Arkansas law is irrelevant to our consideration here: Mr. Simpson is raising a previously unavailable federal claim, and that claim is separate and distinct. . . . Since Atkins created a previously unavailable claim based on the unconstitutionality of executing the mentally retarded, Mr. Simpson can hardly be said to have lacked diligence in developing the factual basis of that claim in state court.

Id. at 1035.

We further explained, "[w]here the facts are in dispute, the federal court in habeas corpus *must hold an evidentiary hearing* if the habeas applicant did not receive a full and fair evidentiary hearing in state court." Id. (citing Townsend v. Sain, 372 U.S. 293 (1963)) (emphasis added). "Mr. Simpson has alleged that he is mentally retarded as Atkins defines that condition, which would entitle him to relief, and that matter remains in dispute." Id.[3] We therefore directed the district court to "give Mr. Simpson the chance to develop the factual basis of his claim *and present it at an evidentiary hearing*." Id. (emphasis added). We recently reaffirmed our Simpson holding. See Jackson v. Norris, 256 Fed. Appx. 12 (8th Cir. 2007) (per curiam) (unpublished).

Like the petitioner in Simpson, the district court in Sasser's case concluded Sasser's Atkins claim was procedurally defaulted because Sasser did not raise the issue in state court under state law, and did not satisfy the "cause and prejudice" exception to procedural default because he could have raised the retardation issue under the same Arkansas statute prohibiting execution of mentally retarded persons. This reasoning is now invalid under Simpson, 490 F.3d at 1035 (declaring, "the availability of a similar claim under Arkansas law is irrelevant to our consideration here").

---

[3]Atkins actually does not define mental retardation, leaving the development of the new constitutional restriction to the states. Atkins, 536 U.S. at 317.

The district court further found Sasser did not satisfy the "actual innocence"[4] exception to procedural default because he failed to present sufficient evidence of his mental retardation. This reasoning is contrary to Simpson, which found Simpson's pleading adequate when Simpson "alleged that he is mentally retarded as Atkins defines that condition" in order to be allowed to present evidence in support of his claim at an evidentiary hearing. Id. at 1035. Sasser's petition alleges (1) he meets the diagnostic criteria for mental retardation promulgated by the American Association on Mental Retardation and the American Psychiatric Association; (2) his IQ is 79, which Sasser asserts places him in the mentally retarded range, taking into account the margin of error; (3) he was incapable of graduating from high school despite being enrolled in school for twelve years; (4) he was never able to live independently and was 29 at the time of Kennedy's murder and still living with his mother (Sasser claims he once attempted to leave home, living in an abandoned truck in the woods near his mother's home, and sneaking into his mother's house to get food from the refrigerator); (5) he was incapable of paying bills or maintaining a checking account; (6) he was capable of only the simplest, manual-labor jobs; and (7) he manifests significant deficits in intellectual and adaptive functioning. While Simpson may not mandate an evidentiary hearing in every conceivable set of circumstances, there is no question the allegations in Sasser's petition are as adequate as Simpson's pleading threshold where the petitioner "alleged that he is mentally retarded as Atkins defines that condition" in order to obtain an evidentiary hearing on his mental retardation claim. Id. Nothing in Sasser's case precludes the need for an Atkins evidentiary hearing.

The government attempts to distinguish Simpson in two ways. First, the government argues Sasser's petition should be subject to more stringent standards because, unlike the first-time habeas petitioner in Simpson, Sasser's petition is a

---

[4]A petitioner is "actually innocent" of the death penalty where he is ineligible for the death penalty. See Sawyer v. Whitley, 505 U.S. 333, 345 (1992).

successive habeas petition.[5]  This distinction has no effect on whether Sasser is entitled to an evidentiary hearing.  The government contends Sasser's petition fails to meet 28 U.S.C. § 2244(b)(2)(A)'s requirement that a successive petition asserting claims not presented in a prior application be dismissed, unless "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." As Sasser correctly notes, we expressly recognized in Simpson, "Atkins created a *previously unavailable* claim based on the unconstitutionality of executing the mentally retarded."  Simpson, 490 F.3d at 1035 (emphasis added).  Because Atkins teaches us Sasser's future execution would violate the Eighth Amendment if Sasser were mentally retarded, the application of Atkins to Sasser's petition actually is prospective. Sasser meets the requirement of § 2244(b)(2)(A).

The government also attempts to distinguish Simpson by arguing, unlike the petitioner in Simpson, the district court afforded Sasser a "remand procedure." Sasser failed to comply with the district court's directive that any additional motions (including motions for an evidentiary hearing) be filed by August 31, 2006.  The district court warned, "Petitioner's failure to file the above mentioned motions will constitute notice to the Court that Petitioner does not intend to present additional evidence regarding his mental retardation claim."  Sasser was not obligated to expand the record with additional evidence showing he was entitled to a hearing, nor was he obligated to file another motion requesting a hearing—Sasser already requested a hearing in his "Second Supplemental and Amended Petition."  Simpson explains Sasser is entitled to a hearing simply by virtue of "alleg[ing] that he is mentally

_____

[5]Sasser argues his petition should be treated as an amendment to his first habeas petition rather than a successive petition.  This Court expressly stated in its remand order, "[t]o the extent the request for remand is the functional equivalent to an application to file a successive habeas petition, the motion to file such a successive petition is granted."  Thus, we will treat Sasser's petition as a successive habeas petition.

retarded as <u>Atkins</u> defines that condition." <u>Simpson</u>, 490 F.3d at 1035. Given the circumstances and factual allegations in Sasser's case, <u>Simpson</u> expressly requires an <u>Atkins</u> evidentiary hearing, not some other type of "remand procedure" crafted by the district court. <u>Id.</u> We therefore reverse and remand to the district court for an evidentiary hearing to adjudicate the merits of Sasser's mental retardation claim.

### B.    Ineffective Assistance of Counsel

Sasser asserts the district court erred by concluding his ineffective assistance of counsel claim was not properly before the court. Sasser claims he is entitled to a hearing on the issue of whether his counsel was ineffective for failing to investigate and develop Sasser's alleged mental retardation at trial. This argument flatly contradicts Sasser's Eighth Amendment argument. On one hand, Sasser argues his failure to pursue the retardation issue should be excused because the claim was "previously unavailable" until <u>Atkins</u>. On the other hand, Sasser's argues his trial counsel was constitutionally ineffective for failing to pursue what <u>Atkins</u> characterizes as a "previously unavailable" claim. Trial counsel's failure to anticipate new law does not constitute ineffective assistance of counsel. <u>See</u> <u>Schawitsch</u>, 491 F.3d at 804 (citing <u>Parker v. Bowersox</u>, 188 F.3d 923, 929 (8th Cir. 1999)).

Regardless of the merit of Sasser's ineffective assistance of counsel claim, the district court properly concluded Sasser's ineffective assistance of counsel claim was not properly before it. We expressly limited the issue in our prior remand "to the question of whether Mr. Sasser is mentally retarded and whether pursuant to [<u>Atkins</u>], the Eighth Amendment prohibits his execution." Sasser cites <u>Pediatric Specialty Care, Inc. v. Arkansas Dept. of Human Servs.</u>, 364 F.3d 925, 931 (8th Cir. 2004) for the proposition that the district court may "decide any issue not expressly or impliedly disposed of on appeal." <u>Id.</u> at 931 (quotation marks and citation omitted). <u>Pediatric Specialty Care</u> is not on point. In Sasser's case, there were no lingering issues we failed to dispose of on appeal. We expressly limited the district court to consideration of *one issue*. By doing so, we impliedly prohibited the district court's consideration

-9-

of *any other issue.* Our remand order did not give Sasser license to raise whatever other claims he wished, so long as those claims had some relationship to his alleged mental retardation. The district court correctly decided Sasser's ineffective assistance claim was not properly before it.

## C.    Statute of Limitations

The government argues, for the first time on appeal, that Sasser's successive petition is barred by the statute of limitations. The statute at issue, 28 U.S.C. § 2244(d)(1)(C), provides,

> [a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of [various events, including] the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.][6]

The statute of limitations in Sasser's case began to run on June 20, 2002, when Atkins was decided. Sasser filed his application in this court for authorization to file a successive habeas petition on June 19, 2003, less than one year after Atkins. However, Sasser did not actually file his successive habeas petition in the district court until September 3, 2004.[7]

---

[6]The parties agree Atkins is retroactively applicable to cases on collateral review.

[7]We express no opinion on whether Sasser's petition was timely filed.

Sasser protests the government is not entitled to raise the statute of limitations issue for the first time on appeal.[8] In its brief, the government offers no justification for, or even acknowledgment of, its failure to raise the statute of limitations issue at any time before its appellate brief. "The [Federal] Rules [of Civil Procedure] provide that [statute of] limitations defenses are forfeited unless pleaded in an answer or an amendment to the answer." Barnett v. Roper, 541 F.3d 804, 807 (8th Cir. 2008) (citing Day v. McDonough, 547 U.S. 198, 207 (2006) (in turn citing Fed. R. Civ. P. 8(c), 12(b), and 15(a)) (addressing one-year statute of limitations in habeas case); see also Trussell v. Bowersox, 447 F.3d 588, 590 (8th Cir. 2006) (addressing the merits of a habeas petition because, while it was "doubtful that Trussell filed his petition within the one-year limitations period. . . . the statute of limitations [does not] constitute[] a jurisdictional bar to our review"). District courts may consider *sua sponte* the timeliness of a habeas petition, but because the statute of limitations defense is not regarded as jurisdictional, district courts are under no obligation to raise the issue *sua sponte*. Day, 547 U.S. at 202, 205 (citations omitted). The discretion to consider the statute of limitations defense *sua sponte* does not extend to the appellate level. Barnett, 541 F.3d at 807. Because the government did not timely assert the statute of limitations defense, the statute of limitations defense is forfeited, and we will not address the defense any further.

## III.  CONCLUSION

We reverse and remand to the district court for an Atkins evidentiary hearing to adjudicate the merits of Sasser's mental retardation claim. We affirm the district court's denial of relief on Sasser's ineffective assistance of counsel claim. If the mental retardation issue returns to us on appeal after the district court adjudicates the

---

[8]The government mentioned the statute of limitations issue for the first time after the district court denied Sasser's successive petition in a footnote to the government's response to Sasser's motion to alter or amend the district court's judgment. The government did not argue Sasser's petition was time-barred until its appellate brief.

-11-

merits, we direct that Sasser's mental retardation claim be consolidated with the other unresolved claims Sasser raised in his initial habeas petition.

_____