**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Melvin Edward BILLIPS, a/k/a Manu Khalfani, Defendant-Appellant.**

**No. 82SA107.**

Supreme Court of Colorado.

Oct. 25, 1982.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., John T. Hyland, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, James England, Deputy State Public Defender, Denver, for defendant-appellant.

QUINN, Justice.

The defendant, Melvin Edward Billips, appeals from the district court's denial of his motion for postconviction relief from his conviction and sentence of twenty-five to forty years for the crime of escape. He claims that the application to him of C.R.S. 1963, 40–8–210, which was enacted as part of the Colorado Criminal Code with an effective date of July 1, 1972, Colo.Sess.Laws 1972, ch. 46, 40–8–210, at 275–76,[1] violates the federal and state constitutional prohibitions against ex post facto laws. *U.S. Const.* Art. I, § 10; *Colo. Const.* Art. II, Sec. 11.[2] The challenged statute provides that, for purposes of the crime of escape, persons in confinement for a felony that was not classified under the Colorado Criminal Code at the commencement of their confinement shall be deemed to have been in confinement for a class 5 felony. Finding no error, we affirm the judgment.

### I.

A brief review of the procedural and statutory background of the defendant's conviction and sentence for escape is necessary to

---

1. Throughout this opinion we will refer to this statute as C.R.S.1963, 40–8–210. C.R.S.1963, 40–8–210 was reenacted in the 1973 Colorado Revised Statutes and is presently found at section 18–8–210, C.R.S.1973 (1978 Repl.Vol. 8).

2. The defendant's appeal was transferred to this court because of the constitutional challenge to the escape statute. Sections 13–4–102(1)(b) and 13–4–110(1)(a), C.R.S.1973.

place in focus the issue raised on this appeal. On March 3, 1972, the defendant pled guilty to two counts of simple robbery and was sentenced to concurrent terms of four to seven years to the Colorado State Penitentiary. Under the statutory scheme then in existence crimes were not grouped into classes but, instead, carried separate and individual penalties. Simple robbery at this time was a felony punishable by a term of imprisonment of not less than two nor more than fourteen years. C.R.S.1963, 40–5–1(1) (1967 Perm.Supp.).

The Colorado Criminal Code went into effect on July 1, 1972, and classified felony offenses into five categories, with class 1 being the most serious and class 5 the least serious felony. C.R.S.1963, 40–1–105 (1971 Perm.Supp.). The grade and punishment for escape under the Colorado Criminal Code varies with the seriousness of the offense for which the offender was in custody or confinement at the time of the escape. C.R.S.1963, 40–8–208(2) (1971 Perm.Supp.), for example, classified escape as a class 3 felony carrying a penalty of five to forty years if the offender escaped from custody or confinement "under a sentence following conviction of a felony other than a class 1 or class 2 felony . . . ."[3] C.R.S.1963, 40–8–210, which is central to the defendant's claim, provided in pertinent part as follows:

"For the purpose of determining the grade and classification of an offense under . . . [section] 40–8–208, a person in custody or confinement for an offense which is unclassified or was not classified under this code at the time the custody or

confinement began is deemed to have been in custody or confinement for . . . a class 5 felony if such custody or confinement was for a felony offense."

On October 19, 1972, the defendant escaped from confinement while serving the concurrent sentences for robbery imposed on March 3, 1972. He was later apprehended and charged with violating C.R.S. 40–8–208(2) (1971 Perm.Supp.). The defendant entered a plea of guilty to the charge and was sentenced on July 12, 1974, to a term of twenty-five to forty years consecutive to his sentences for robbery. He thereafter filed a motion under Crim.P. 35 to vacate the judgment of conviction and sentence for escape on the following grounds: that his plea of guilty was involuntary due to a constitutionally defective providency hearing; that he was denied effective assistance of counsel prior to his plea of guilty; and that the application of C.R.S.1963, 40–8–210 to his escape on October 19, 1972, violated the ex post facto provisions of the United States and Colorado Constitutions. The district court denied the motion, finding that the defendant's guilty plea was knowingly and voluntarily made and that "the sentence imposed was within the statutory limits." The defendant appealed to the court of appeals which affirmed the judgment in an unpublished opinion. *People v. Billips* (Ct.App. No. 75–532, announced May 27, 1976). The court of appeals did not address the ex post facto issue in its opinion.[4]

On March 6, 1981, the defendant filed a second motion to vacate the judgment and

---

**3.** Under the Colorado Criminal Code, as originally enacted, a class 1 felony was punishable by life imprisonment or death and a class 2 felony by a term of ten to fifty years. C.R.S. 1963, 40–1–105 (1971 Perm.Supp.). In addition to the classification set out in the text, C.R.S. 1963, 40–8–208 also classified the following acts of escape: escape from custody or confinement by a person serving a sentence for a class 1 or 2 felony conviction was a class 2 felony; escape by a person charged with but not yet convicted of a felony was classified as a class 4 felony; and escape from confinement by a person serving a sentence for a misdemeanor or petty offense conviction was classified as a class 3 misdemeanor. C.R.S.1963, 40–8–209 (1971 Perm.Supp.), provided that any

sentence following a conviction for escape "shall run consecutively, and not concurrently with any sentence which the offender was serving at the time of the conduct prohibited by [section 40–8–208]." The present definitions and penalties for escape are found at section 18–8–208, C.R.S.1973 (1978 Repl.Vol. 8).

**4.** In his brief filed with the court of appeals the defendant argued that the district court erred in failing to make findings of fact and conclusions of law on his ex post facto claim, as then required by Crim.P. 35(b) [now Crim.P. 35(c)]. The People argued in their brief that the district judge's oral comments on the record regarding the ex post facto issue satisfied the requirements of Crim.P. 35(b). In its opinion the court of appeals characterized the defendant's post-

sentence for escape. He again asserted the ex post facto claim regarding C.R.S.1963, 40–8–210. The district court ruled that the defendant's motion not only was lacking in factual merit but also was barred by reason of the court of appeals' affirmance of the judgment on the defendant's earlier appeal. The defendant's appeal to this court followed. Before addressing the merits of the defendant's ex post facto claim, we briefly consider the question whether the defendant is barred from raising this issue by reason of the court of appeals' opinion in *People v. Billips, supra.*

## II.

■ The People argue that the court of appeals' affirmance of the denial of the defendant's first motion for post-conviction relief precludes any further appellate review of his ex post facto claim. We disagree with the People's contention.

Our rules of criminal procedure expressly recognize that "[n]otwithstanding the fact that ... a judgment of conviction was affirmed upon appeal, every person convicted of a crime is entitled as a matter of right to make application for postconviction review" upon the grounds set forth in Crim.P. 35(c). These grounds include, as pertinent here, an allegation that the applicant "was convicted under a statute that is in violation of the Constitution of the United States or the constitution of this state ....." Crim.P. 35(c)(2)(II).[5]

■ Both the United States Supreme Court and this court have recognized that the doctrine of *res judicata* is not an appropriate standard for the resolution of postconviction claims. *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *People v. Hubbard,* 184 Colo. 243, 519 P.2d 945 (1974); *Whitman v. People,* 170 Colo. 189, 460 P.2d 767 (1969). We have held, for example, that an alleged error of constitutional dimension may be raised in a postconviction proceeding after an unsuccessful appeal, as long as the constitutional claim was not raised and resolved on the prior appeal. *E.g., People v. Bradley,* 169 Colo. 262, 455 P.2d 199 (1969).[6] In the case of a successive motion for postconviction review the appropriate consideration is whether the defendant's constitutional claim has been fully and finally litigated in the prior postconviction proceeding. *See People v. Hubbard, supra.* A claim has been fully and finally litigated when the highest state court to which an applicant can appeal as of right has ruled on the merits of the claim. *Standards for Criminal Justice,* Post Conviction Remedies, Standard 22–6.2(a)(ii) (ABA 1980).[7]

conviction motion as alleging "that he was denied effective assistance of counsel prior to his plea of guilty and that, in accepting his guilty plea, the trial court failed to ascertain whether he had the requisite intent to commit the crime of escape and whether a factual basis existed for the plea." The opinion of the court then proceeded to resolve these three issues adversely to the defendant without mentioning the ex post facto claim. The defendant called this to the court's attention in his petition for rehearing, which was denied. The defendant then petitioned this court for a writ of certiorari, which also was denied.

5. Only if the motion, the court files and the record of the case show that the applicant is not entitled to relief, may the court deny the motion without a hearing. Crim.P. 35(c)(3).

6. We also have recognized that while the preferred procedure is to require that all constitutional claims be included in one postconviction proceeding, a court may entertain a subsequent postconviction motion raising a constitutional claim not previously resolved upon a showing of justifiable excuse for failing to raise it in the former proceeding. *People v. Hubbard,* 184 Colo. 243, 519 P.2d 945 (1974).

7. Standard 22–6.2 of the ABA Standards on Postconviction Remedies is as follows:

"Finality of a judgment in a postconviction proceeding; repetitive applications

(a) The degree of finality appropriately accorded to a prior judgment denying relief in a postconviction proceeding should be governed by the extent of the litigation upon the earlier application and the relevant factual and legal differences between the present and earlier applications. In particular,

(i) a judgment dismissing an application, on its face, for want of sufficient allegations should not bar consideration of the merits of a subsequent application that adequately indicates a cognizable claim; and

(ii) a judgment denying relief after plenary evidentiary hearing should be binding on questions of fact or of law fully and finally litigated. A question has been fully and finally litigated when the highest state court to

In this case the defendant raised the ex post facto claim in his original motion for postconviction relief before the district court and again before the court of appeals. Neither court specifically addressed the claim. The district court merely ruled that the defendant's sentence "was within the statutory limits." The court of appeals made no mention of the ex post facto claim at all.[8] Thus, notwithstanding the defendant's assertion of the claim on the prior appeal, no appellate court has yet ruled on the merits of the question and, under the circumstances present here, the defendant should not be precluded from seeking an appellate determination of the issue in this proceeding. We therefore proceed to consider the ex post facto issue raised by the defendant.

### III.

The defendant's ex post facto claim centers on C.R.S.1963, 40–8–210. This section became effective on July 1, 1972, and states that, for the purpose of determining the grade and classification of an escape, a person in confinement for a felony not classified under the Colorado Criminal Code at the commencement of confinement shall be deemed to be in confinement for a class 5 felony. The defendant argues that the classification of his previously nonclassified felony conviction of simple robbery as a class 5 felony, for the purpose of the crime of escape, constitutes ex post facto legislation in violation of the United States and Colorado Constitutions. The defendant's argument is devoid of merit.

Article I, § 10 of the United States Constitution provides that "[n]o state shall ... pass any ... ex post facto law." The Colorado Constitution similarly states that "[n]o ex post facto law ... shall be passed by the general assembly." *Colo. Const.* Art. II, Sec. 11. These constitutional prohibitions forbid the General Assembly "from enacting any law 'which imposes a punishment for an act which is not punishable at the time it was committed, or imposes additional punishment to that then prescribed.'" *Weaver v. Graham,* 450 U.S. 24, 28, 101 S.Ct. 960, 964, 67 L.Ed.2d 17, 22 (1981), quoting *Cummings v. Missouri,* 71 U.S. (4 How.) 277, 18 L.Ed. 356 (1866). *See also Myers v. District Court,* 184 Colo. 81, 518 P.2d 836 (1974); *Garvey v. People,* 6 Colo. 559 (1883). A statute, however, is not rendered unconstitutional as an ex post facto law merely because it might operate on a fact or status preexisting the effective date of the legislation, as long as its punitive features apply only to acts committed after the statutory proscription becomes effective. *Cf. Gryger v. Burke,* 334 U.S. 728, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948) (use of prior felony conviction as basis for habitual criminal adjudication does not violate Ex Post Facto Clause, even though conviction occurred before passage of habitual criminal act); *McDonald v. Massachusetts,* 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901) (habitual criminal statute imposes "a punishment on none but future crimes" and therefore "is not *ex post facto* "). Two critical elements must be present for a criminal statute to be stricken down as an ex post facto law: "it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Weaver v. Graham,* 450 U.S. at 29, 101 S.Ct. at 964, 67 L.Ed.2d at 23.

C.R.S.1963, 40–8–210 by its own terms applies only to persons who, as of July 1,

---

which an applicant can appeal as of right has ruled on the merits of the question.

Finality should be an affirmative defense pleaded and proved by the state.

(b) Where an applicant raises in a subsequent application a factual or legal contention which the applicant did not use due diligence in

(i) raising in an earlier application, or,

(ii) having raised the contention in the trial court, failed to pursue the matter on appeal, a court may deny relief on the ground of an abuse of process. Abuse of process should be an affirmative defense to be pleaded and proved by the state."

8. Section 13–4–110(1)(a), C.R.S.1973, authorizes the court of appeals to refer a case to the supreme court when the case raises an issue not properly within its jurisdiction, such as the constitutionality of a statute, section 13–4–102(1)(b), C.R.S.1973. The defendant's initial appeal, however, was resolved by the court of appeals without referral to this court.

1972, were in confinement for a felony conviction incurred prior to July 1, 1972, and escape from confinement on or after July 1, 1972. The defendant's escape took place on October 19, 1972, well after the effective date of the challenged statute, and no retrospective application is involved in this case. Because the challenged statute operates prospectively only, the defendant has not been disadvantaged in any constitutional sense by the application of the statutory proscription to him.

C.R.S.1963, 40–8–210 gave notice to the defendant and others who commenced service of a sentence for a felony conviction prior to July 1, 1972, that the underlying felony would be deemed a class 5 felony, the lowest grade of felony classification under the Colorado Criminal Code, for the purpose of determining the punishment for any act of escape committed subsequent to the effective date of the statute. The statutory classification no more implicates the ex post facto prohibitions of the United States and Colorado Constitutions than a statute which punishes future acts of escape committed by persons who, as of the date of escape, are serving a sentence for a felony conviction.

The judgment is affirmed.