The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

**Sammy ABEYTA, Defendant–Appellant.**

No. 93CA0677.

Colorado Court of Appeals, Div. II.

Feb. 8, 1996.

Rehearing Denied March 14, 1996.

Certiorari Denied Sept. 9, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Laurie A. Booras, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Richard O'Brien Moore, Denver, for Defendant–Appellant.

Opinion by Chief Judge STERNBERG.

Defendant, Sammy Abeyta, appeals the denial of his motion for post-conviction relief pursuant to Crim.P. 35(c). We affirm.

Following a 1983 jury trial, defendant was convicted of second degree burglary, aggravated robbery, violent crime, and three counts of habitual criminal, and was sentenced to life imprisonment. His conviction was affirmed on appeal. *People v. Abeyta*, 728 P.2d 327 (Colo.App.1986). The supreme court subsequently denied certiorari, and the mandate issued from this court on November 21, 1986.

In March of 1987, defendant filed a *pro se* motion for post-conviction relief pursuant to Crim.P. 35(c). In that motion he argued that one of his prior convictions upon which the habitual criminal finding was based was constitutionally infirm. He further argued that the advisement regarding his right to testify was inadequate, that the court failed to determine adequately the competency of a prosecution witness, that he was prejudiced by a delay between the substantive and habitual criminal phases of the trial, and that he had received ineffective assistance of counsel.

Counsel was appointed, and a hearing was held to consider defendant's claims. At the outset of that hearing, defense counsel made the following statement to the court about the issues raised in the motion and its supporting brief:

> Your Honor, we'll limit our arguments at this time, although we'd like to reserve our right to argue at a later time on the judge's advisement ... on the witness competency regarding [a prosecution witness] ... and on the competency of counsel ... and just argue specifically the prior guilty plea that was entered in front of [the trial judge] and the advisement given at the time.

At the end of the hearing, after the court had made detailed findings and denied defendant's motion, defense counsel stated:

> Your Honor, again just for the record we reserved our right to argue the competency of [the prosecution witness], the competency of counsel at that time and the judge's advisement at that time.

The denial of defendant's motion was appealed, and the court's ruling was affirmed by a division of this court. *See People v. Abeyta*, (Colo.App. No. 88CA0263, June 14, 1990) (not selected for official publication). In that case, the division noted that, because defendant had withdrawn certain issues in the trial court, they were not properly before the appellate court. The supreme court denied certiorari on March 11, 1991.

Two years later defendant filed a second *pro se* Crim.P. 35(c) motion. In that motion he maintained that, because the trial court that ruled on his first Crim.P. 35(c) motion refused to make a determination on the issues of the competency of his counsel and the adequacy of his advisement pursuant to *People v. Curtis*, 681 P.2d 504 (Colo.1984), defendant was entitled to have those issues determined in a new Crim.P. 35(c) proceeding.

Finding that defendant's most recent motion was not timely filed, the court held a hearing to determine whether justifiable excuse or excusable neglect prevented a timely filing of the motion. Finding no excusable neglect, the court denied defendant's motion on the basis that it was untimely pursuant to

§ 16–5–402, C.R.S. (1986 Repl.Vol. 8A). The court further found that the motion should be denied because it was a successive motion.

Defendant contends the court erred in denying his motion for post-conviction relief. He argues that he demonstrated excusable neglect for the late filing of the second motion. Defendant further maintains that because the issues which were reserved at the hearing on the first post-conviction motion were never considered and ruled on by the court, but were raised before the court in a timely manner, they are not successive and should have been considered in conjunction with the second Crim.P. 35(c) motion. We disagree with both arguments.

## I.

Crim.P. 35(c)(3) provides, in pertinent part, that the court reviewing defendant's post-conviction motion "need not entertain a second motion or successive motions for similar relief based upon the same or similar allegations on behalf of the same prisoner."

The plain language of the rule indicates that there must be some finality in the reviewing process. The rule was not intended to establish a procedure whereby a prisoner could obtain continuing review of issues previously decided. Piecemeal presentation of constitutional issues affecting a defendant's substantial rights defeats one of the purposes of the rule. *People v. Hubbard*, 184 Colo. 243, 519 P.2d 945 (1974). Hence, when a defendant has been represented by counsel in one post-conviction proceeding, the court may summarily dismiss a successive motion unless the defendant can show that failure to assert a ground for relief in his first motion was excusable. *People v. Naranjo*, 738 P.2d 407 (Colo.App.1987).

Here, defendant was represented by counsel in his first Crim.P. 35(c) proceeding. Therefore, the trial court was not required to address the substantive issues raised in the second motion. The court correctly determined that defendant's second motion was successive. *See Turman v. Buckallew*, 784 P.2d 774 (Colo.1989).

Defendant's reliance on *People v. Billips*, 652 P.2d 1060 (Colo.1982) is misplaced. In

that case the defendant raised an *ex post facto* claim both in his direct appeal and in a Crim.P. 35(c) proceeding. However, for some unknown reason but not as a result of any action taken by the defendant, the claim was not addressed by either the trial court or the appellate court. For that reason, defendant was entitled to have the merits of his claim considered in a subsequent Crim.P. 35(c) proceeding.

Here, however, the claims which defendant argues should have been addressed in the second Crim.P. 35(c) proceeding were not addressed in the first post-conviction proceeding because the defendant specifically withdrew those claims from the trial court's consideration. Hence, unlike in *Billips*, here, it was defendant's action, not an error or omission by the trial court, that resulted in only a partial ruling on the various issues raised in the first Crim.P. 35(c) motion.

We do not consider *Billips* as standing for the proposition that, if for any reason, issues are not fully litigated in a post-conviction proceeding, they must be considered in a later such proceeding. Here, the issues were not litigated because defendant elected to withdraw them, and that fact takes the situation here beyond the scope of *Billips*.

## II.

We also agree with the trial court that defendant's second Crim.P. 35(c) motion was untimely.

Section 16–5–402, C.R.S. (1986 Repl.Vol. 8A), provides that, in all cases involving felony offenses other than class one felonies, a defendant has three years in which to attack collaterally the validity of the conviction. Those defendants convicted of an offense before July 1, 1984, have a five-year grace period from that July 1984 date in which to file their post-conviction motions. *People v. Fagerholm*, 768 P.2d 689 (Colo.1989).

An untimely post-conviction motion may be considered by the trial court, however, if the defendant demonstrates that the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect. Sec-

tion 16–5–402(2)(d), C.R.S. (1986 Repl.Vol. 8A).

■ In this case, the period for filing a post-conviction motion expired well before February of 1993, when the defendant filed his second Crim.P. 35(c) motion. Therefore, absent justifiable excuse or excusable neglect, the motion was untimely.

■ The court's conclusion that no justifiable excuse or excusable neglect existed here is amply supported by the record. Although defendant maintains that it was never his intent to abandon his claims altogether, the record shows that defense counsel specifically withdrew from the court's consideration three of the claims raised in the initial motion. In doing so, he told the court that these claims were being reserved for a later date.

■ However, there is no provision in Crim.P. 35(c) that permits the reservation of claims for consideration at a later date. That practice is contrary to one of the purposes of the rule because it would result in the piecemeal consideration of a defendant's constitutional claims and would discourage a timely resolution of such.

Because the rule does not permit the reservation of certain claims for consideration at a later date, we conclude that defendant's withdrawal of the claims from the court's consideration in the first hearing resulted in his abandonment of those claims. *Cf. People v. Sporleder*, 666 P.2d 135 (Colo.1983) (a party abandons or waives an issue when he or she fails to have it considered by the trial court.).

■ We further conclude that a defendant's intentional abandonment of claims raised at an earlier proceeding does not amount to justifiable excuse or excusable neglect that would permit a late filing of a post-conviction motion.

The intentional abandonment of a claim is within a defendant's control as opposed to an event beyond his control which would constitute justifiable excuse. *See People v. Wiedemer*, 852 P.2d 424 (Colo.1993).

Moreover, defendant was aware that while these claims had been briefed before the

hearing, they remained unresolved. Although he was fully able to pursue them in a timely manner, he failed to have them considered before the expiration of the limitation period in § 16–5–402, C.R.S. (1986 Repl.Vol. 8A). Hence, defendant's second post-conviction motion was properly denied on the basis that it was not timely filed.

As noted above, in the appeal of defendant's first post-conviction motion, a division of this court concluded, consistent with our ruling here, that the withdrawal of these issues from consideration by the trial court had left the appellate court with nothing to review.

The order is affirmed.

CRISWELL and HUME, JJ., concur.