**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 26, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PATRICK WOOD,

Petitioner-Appellant,

v.

KEVIN MILYARD, Warden, Sterling
Correctional Facility; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

Respondents-Appellees.

No. 09-1348
(D.C. No. 1:08-CV-00247-WYD)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, Circuit Judge, **PORFILIO** and **BRORBY**, Senior Circuit
Judges.

State prisoner Patrick Wood appeals from a district court order that denied

his pro se 28 U.S.C. § 2254 petition for habeas relief.  This court granted Wood a

certificate of appealability (COA) on two issues:  (1) whether his convictions for

felony murder and second-degree murder violated double jeopardy; and

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(2) whether his waiver of a jury trial was valid. This court also appointed counsel for Wood and directed the parties to address the timeliness of Wood's petition and other procedural barriers to considering the merits. For the reasons expressed below, we conclude that Wood's habeas petition was untimely, and therefore, we AFFIRM.

## BACKGROUND

In January 1986, Wood robbed a pizza delivery store in Westminster, Colorado. While doing so, he shot the store's assistant manager in the head, killing him. Other store employees then subdued Wood until police arrived.

Wood was charged with first-degree murder after deliberation, first-degree felony murder, aggravated robbery, and two counts of felony menacing. A jury deadlocked on the murder counts, prompting the court to declare a mistrial. Thereafter, Wood agreed to a bench trial in exchange for the prosecution's agreement to not seek the death penalty.[1] Following the bench trial, the court found Wood guilty on the felony-murder, robbery, and menacing counts, but guilty of only second-degree murder on the deliberate-murder count. Dist. Ct. R. at 190-94. At sentencing, the court "merged" the robbery and murder counts, and imposed a life sentence plus two four-year terms for the menacing counts, all

---

[1] Although the jury was deadlocked on the murder counts, the jury's foreman had signed the guilty verdicts on the robbery and menacing counts. Dist. Ct. R. at 183-85. It appears, however, that the bench trial involved all of the original charges filed against Wood, not just the murder charges. *See id.* at 190-94, 196.

running concurrently. *Id.* at 196. The Colorado Court of Appeals affirmed Wood's convictions, and the Colorado Supreme Court denied certiorari in 1989.

In 1994, Wood sought federal habeas relief. But since he had not exhausted his state court remedies, the district court dismissed the petition.

Consequently, in June 1995, Wood filed a pro se motion in Colorado state court to vacate his conviction and sentence under Colo. R. of Crim. P. 35(c). He argued that double jeopardy barred his convictions for both felony murder and second-degree murder, that his trial counsel was ineffective in advising him to testify, and that his interrogation statements should have been suppressed. Wood also sought appointment of postconviction counsel. Four months later, when there had been no action on his filings, Wood filed a motion seeking a ruling. In December 1995, the state court responded by appointing the Colorado Public Defender's Office to represent Wood in the postconviction proceedings.

Eight years and four months passed with nothing occurring in the case. The state court docket indicates that in April 2004, Wood wrote a letter to the court. But as his appellate counsel indicates, "inexplicably no letter is in the state court file." Aplt. Supp. Opening Br. at 21 n.8.

On August 30, 2004, Wood filed a pro se petition, again seeking Rule 35(c) relief in state court. He again raised the double-jeopardy issue, but changed the focus of his ineffective-assistance claim to his waiver of a jury trial, and he added an equal-protection claim. On the petition's first page, Wood prominently stated

that "[n]o other postconviction proceedings [had been] filed." Dist. Ct. R. at 217. The state postconviction court denied the petition. The Colorado Court of Appeals affirmed, and the Colorado Supreme Court denied certiorari on February 5, 2007.

One year later, on February 5, 2008, Wood filed a petition for habeas relief in federal district court. The form used by Wood requested information about "each postconviction proceeding" he had initiated. R. Vol. 1 at 8. Wood listed only his 2004 state postconviction application. Accordingly, the district court ordered Wood to show cause why his petition should not be denied as time barred, given that his 2004 postconviction application tolled the Antiterrorism and Effective Death Penalty Act's (AEDPA's) one-year limitations period from only 2004 to 2007. Wood filed a lengthy response, but he never mentioned his first attempt at obtaining state postconviction relief. The district court denied Wood's habeas petition as time barred.

Wood then moved for reconsideration, and again failed to mention the 1995 postconviction motion. The district court granted reconsideration, apparently to obtain the state's view of the timeliness issue. In its pre-answer response, the state informed the district court that Wood had filed a postconviction motion in 1995, and that it was never ruled upon. Instead of revisiting the timeliness issue, the district court ordered Wood to address exhaustion issues. Ultimately, Wood dismissed his unexhausted claims, and the district court denied Wood habeas

-4-

relief on the merits of his remaining claims, which raised double-jeopardy and jury-waiver issues. Wood appealed, and this court issued a COA to consider those issues, as well as issues of timeliness and exhaustion.

## DISCUSSION

### I. Statute of Limitations[2]

[2]     Although the district court's ultimate disposition of this case rested on grounds other than timeliness, "we have discretion to affirm on any ground adequately supported by the record." *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) (quotation omitted); *see also Jones v. Hulick*, 449 F.3d 784, 787 (7th Cir. 2006) (considering timeliness of habeas petition for first time on appeal); *White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002) (considering timeliness of habeas petition on appeal even though the issue was not decided by the district court or included in the COA). We pause for a moment, though, to note the Supreme Court's admonition that a federal court cannot "override a State's deliberate waiver of a limitations defense" and sua sponte dismiss a habeas petition. *Day v. McDonough*, 547 U.S. 198, 202 (2006). In their habeas answer, the Respondents provided a cryptic response to the timeliness question. They first incorporated an argument from their pre-answer response about the statute of limitations expiring before Wood filed his habeas petition, and then stated that they were "not challenging, but do not concede, the timeliness of [Wood's] [habeas] petition." R., Vol. 1 at 273. While the precise import of this quotation eludes us, we conclude it is not a deliberate waiver, given that it follows an argument as to why Wood's habeas petition would be untimely, and concludes with a refusal to concede that the petition is timely. *Cf. Day*, 547 U.S. at 209 (holding that state's erroneous concession of habeas petition's timeliness did not preclude the district court from sua sponte dismissing the petition as untimely).
    Our consideration of the timeliness issue is particularly apt in this case, given that the issue was raised in the district court and addressed by Wood, the parties have briefed the issue on appeal, and the interests of justice would be served in reaching the timeliness issue given the extensive time period involved. *Cf. id.* at 210 (instructing courts considering the issue of timeliness sua sponte to "assure . . . that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be

(continued...)

-5-

AEDPA imposes a one-year limitations period for filing a federal habeas petition. 28 U.S.C. § 2244(d)(1). Where, as here, a petitioner's conviction became final before the date of AEDPA's enactment, April 24, 1996, the limitations period is viewed as running for a year from that date, i.e., until April 24, 1997. *Serrano v. Williams*, 383 F.3d 1181, 1183 (10th Cir. 2004). But "[t]his one-year period is tolled for the time 'during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Id.* (citing 28 U.S.C. § 2244(d)(2)). Thus, the issue we confront is whether Wood's 1995 motion remained pending, thereby tolling the limitations period, from April 24, 1996, until August 30, 2004, the day he filed his second postconviction application.

"[T]he pendency of a state post-conviction application . . . encompass[es] all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies." *Id.* at 1184 (quotation omitted). "Although the interpretation of the term 'pending' is a matter of federal law, our definition does require some inquiry into relevant state procedural laws . . . ." *Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). Under Colorado law, a motion for postconviction relief not resolved within a reasonable

---

[2](...continued)
better served by addressing the merits or by dismissing the petition as time barred" (quotation omitted)).

-6-

time may be deemed abandoned if the defendant "fails to take reasonable efforts to secure an expeditious ruling on the motion." *People v. Fuqua*, 764 P.2d 56, 58 (Colo. 1988); *see also People v. Abeyta*, 923 P.2d 318, 321-22 (Colo. App. 1996) (holding that defendant's unresolved postconviction claims from an earlier Rule 35(c) motion had been abandoned where "he was fully able to pursue them in a timely manner, [but] he failed to have them considered before the expiration of the limitation period" for seeking postconviction relief), *superceded by rule on other grounds as stated in People v. Roy*, 2010 WL 2305894, at *2 (Colo. App. June 10, 2010). This is consistent with "Congress's intent to encourage exhaustion of state court remedies without allowing prisoners to toll the limitations period indefinitely." *Gibson*, 232 F.3d at 807. Indeed, "Congress and the courts appropriately built slack into the process by providing a *reasonable* grace period for pending applications, not for open-ended and unjustified delay in pursuing claims and relief. Tolling accommodates effort, not inaction." *Welch v. Carey*, 350 F.3d 1079, 1083 (9th Cir. 2003) (emphasis added).

The last action taken on Wood's 1995 postconviction motion was in December of that year, when the state court acted on Wood's motion for a ruling, and appointed postconviction counsel. But despite being able to seek action, Wood never again moved for a ruling. Indeed, he made no attempt to communicate with the court for any reason for over eight years. It was not until April 2004, when he sent the now-missing letter to the court, and then in August

-7-

2004, when he filed a new postconviction application, that he showed any interest in continuing to pursue relief from his convictions and sentence.[3]

Significantly, the fact that Wood represented in the 2004 application that "[n]o other postconviction proceedings [had been] filed," Dist. Ct. R. at 217, indicates that he had lost interest in, and had abandoned, the 1995 motion.[4] Similarly, he did not mention the 1995 motion when prompted by the form on which he sought federal habeas relief. Even when the district court threatened to dismiss his federal petition as untimely, Wood never claimed an interest in the 1995 motion. And when the district court dismissed the federal petition as untimely, Wood sought reconsideration without resort to the 1995 motion.

Under these unique circumstances, we conclude that Wood abandoned his 1995 motion before filing his 2004 petition. We need not decide, however, precisely when the abandonment occurred, as any break in the pendency of the 1995 motion after AEDPA's enactment renders Wood's 2008 federal habeas

---

[3] Even if the April 2004 letter was an attempt to inform the court of appointed counsel's inaction or to inquire about the status of his 1995 motion, we think it came too late. But more fundamentally, we question whether the letter in fact mentioned anything about the 1995 motion, given that Wood's August 2004 postconviction petition stated that no other postconviction applications had been filed.

[4] If we were to blindly accept Wood's assertion that his 2004 postconviction application were his first, the limitations period for filing a federal habeas petition would have expired on April 24, 1997—over a decade before he filed his 2008 petition for habeas relief. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

petition untimely. Specifically, a full year elapsed from the time the Colorado Supreme Court denied certiorari on February 5, 2007, until Wood filed his federal habeas petition on February 5, 2008. Consequently, there is no time left to account for *any* untolled period between AEDPA's April 24, 1996 enactment and Wood's 2004 postconviction application.

Wood's position appears to be that, without a ruling by the state postconviction court, his 1995 motion never stopped tolling the limitations period. But as the Respondents note, that would mean "the 1995 motion is *still* pending because it has never been ruled upon." Resp. Br. at 19. At some point, though, we must give meaning to Congress's intent in establishing a one-year limitations period. Thus, where, as here, a petitioner's inaction and subsequent statements on the limitations issue indicate that he stopped "attempting . . . to exhaust state court remedies," *Serrano*, 383 F.3d at 1184, and abandoned a state postconviction application, AEDPA's tolling provision will deactivate, and the limitations period will run.[5]

---

[5] Although "the timeliness provision in the federal habeas corpus statute is subject to equitable tolling," *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010), Wood concedes that "[t]he availability of equitable tolling is not an issue." Aplt. Supp. Opening Br. at 23. In any event, equitable tolling requires "(1) that [Wood] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2563 (quotation omitted). For the same reasons discussed above in regard to statutory tolling, we conclude that Wood did not diligently pursue his 1995 motion for state postconviction relief. Therefore, he does not qualify for

(continued...)

## CONCLUSION

The judgment of the district court is AFFIRMED.  Wood's second motion to supplement the record is GRANTED.  The motion to proceed in forma pauperis is GRANTED.

Entered for the Court


Wade Brorby
Senior Circuit Judge

---

[5](...continued)
equitable tolling.