(Slip Opinion)     OCTOBER TERM, 2011     1

Syllabus

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## WOOD *v.* MILYARD, WARDEN, ET AL.

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

No. 10–9995.   Argued February 27, 2012—Decided April 24, 2012

In 1987, petitioner Patrick Wood was convicted of murder and other crimes by a Colorado court and sentenced to life imprisonment. Wood filed a federal habeas petition in 2008. After receiving Wood's petition, the U. S. District Court asked the State if it planned to argue that the petition was untimely. In response, the State twice informed the District Court that it would "not challenge, but [was] not conceding," the timeliness of Wood's petition. Thereafter, the District Court rejected Wood's claims on the merits. On appeal, the Tenth Circuit ordered the parties to brief both the merits and the timeliness of Wood's petition. After briefing, the court held the petition time barred, concluding that the court had authority to raise timeliness on its own motion, and that the State had not taken the issue off the table by declining to raise a statute of limitations defense in the District Court.

*Held*:

   1. Courts of appeals, like district courts, have the authority—though not the obligation—to raise a forfeited timeliness defense on their own initiative in exceptional cases. Pp. 4–9.

      (a) "Ordinarily in civil litigation, a statutory time limitation is forfeited if not raised in a defendant's answer or in an amendment thereto." *Day* v. *McDonough*, 547 U. S. 198, 202. An affirmative defense, once forfeited, is excluded from the case and, as a rule, cannot be asserted on appeal.

   In *Granberry* v. *Greer*, 481 U. S. 129, 133, this Court recognized a modest exception to the rule that a federal court will not consider a forfeited defense. There, the Seventh Circuit addressed a nonexhaustion defense the State raised for the first time on appeal. The exhaustion doctrine, this Court noted, is founded on concerns broader

Syllabus

than those of the parties; in particular, the doctrine fosters respectful, harmonious relations between the state and federal judiciaries. *Id.,* at 133–135. With that comity interest in mind, the Court held that federal appellate courts have discretion to consider a nonexhaustion argument inadvertently overlooked by the State in the district court. *Id.* at 132, 134.

In *Day*, the Court affirmed a federal district court's authority to consider a forfeited habeas defense when extraordinary circumstances so warrant. 547 U. S., at 201. The State in *Day*, having miscalculated a time span, erroneously informed the District Court that Day's habeas petition was timely. Apprised of the error by a Magistrate Judge, the District Court, *sua sponte,* dismissed the petition as untimely. This Court affirmed, holding that "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Id.,* at 209. Such leeway was appropriate, the Court again reasoned, because AEDPA's statute of limitations, like the exhaustion doctrine, "implicat[es] values beyond the concerns of the parties." *Id.,* at 205.

The Court clarified, however, that a federal court does not have *carte blanche* to depart from the principle of party presentation. See *Greenlaw* v. *United States*, 554 U. S. 237, 243–244. It would be "an abuse of discretion" for a court "to override a State's deliberate waiver of a limitations defense." *Day*, 547 U. S., at 202. In *Day* itself, the State's timeliness concession resulted from "inadvertent error," *id.,* at 211, not a deliberate decision to proceed to the merits. Pp. 6–9.

(b) Consistent with *Granberry* and *Day*, the Court declines to adopt an absolute rule barring a court of appeals from raising, on its own motion, a forfeited timeliness defense. The institutional interests served by AEDPA's statute of limitations are also present when a habeas case moves to the court of appeals, a point *Granberry* recognized with respect to a nonexhaustion defense. P. 9.

2. The Tenth Circuit abused its discretion when it dismissed Wood's petition as untimely. In the District Court, the State was well aware of the statute of limitations defense available to it, and of the arguments that could be made in support of that defense. Yet, the State twice informed the District Court that it would not "challenge" the timeliness of Wood's petition. In so doing, the State deliberately waived the statute of limitations defense. In light of that waiver, the Tenth Circuit should have followed the District Court's lead and decided the merits of Wood's petition. Pp. 9–11.

403 Fed. Appx. 335, reversed and remanded.

GINSBURG, J., delivered the opinion of the Court, in which ROBERTS, C. J., and KENNEDY, BREYER, ALITO, SOTOMAYOR, and KAGAN, JJ., joined.

Syllabus

THOMAS, J., filed an opinion concurring in the judgment, in which SCA-LIA, J., joined.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

———

No. 10–9995

———

## PATRICK WOOD, PETITIONER *v*. KEVIN MILYARD, WARDEN, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

[April 24, 2012]

JUSTICE GINSBURG delivered the opinion of the Court.

This case concerns the authority of a federal court to raise, on its own motion, a statute of limitations defense to a habeas corpus petition. After state prisoner Patrick Wood filed a federal habeas corpus petition, the State twice informed the U. S. District Court that it "[would] not challenge, but [is] not conceding, the timeliness of Wood's habeas petition." App. 70a; see *id*., at 87a. Thereafter, the District Court rejected Wood's claims on the merits. On appeal, the Tenth Circuit directed the parties to brief the question whether Wood's federal petition was timely. Post-briefing, the Court of Appeals affirmed the denial of Wood's petition, but solely on the ground that it was untimely.

Our precedent establishes that a court may consider a statute of limitations or other threshold bar the State failed to raise in answering a habeas petition. *Granberry* v. *Greer*, 481 U. S. 129, 134 (1987) (exhaustion defense); *Day* v. *McDonough*, 547 U. S. 198, 202 (2006) (statute of limitations defense). Does court discretion to take up timeliness hold when a State is aware of a limitations

defense, and intelligently chooses not to rely on it in the court of first instance?  The answer *Day* instructs is "no": A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense.  *Id.*, at 202, 210, n. 11.  The Tenth Circuit, we accordingly hold, abused its discretion by resurrecting the limitations issue instead of reviewing the District Court's disposition on the merits of Wood's claims.

## I

In the course of a 1986 robbery at a pizza shop in a Colorado town, the shop's assistant manager was shot and killed.  Petitioner Patrick Wood was identified as the perpetrator.  At a bench trial in January 1987, Wood was convicted of murder, robbery, and menacing, and sentenced to life imprisonment.  The Colorado Court of Appeals affirmed Wood's convictions and sentence on direct appeal in May 1989, and the Colorado Supreme Court denied Wood's petition for certiorari five months later.  Wood did not ask this Court to review his conviction in the 90 days he had to do so.

Wood then pursued postconviction relief, asserting constitutional infirmities in his trial, conviction, and sentence.  Prior to the federal petition at issue here, which was filed in 2008, Wood, proceeding *pro se*, twice sought relief in state court.  First, in 1995, he filed a motion to vacate his conviction and sentence pursuant to Colorado Rule of Criminal Procedure 35(c) (1984).[1]  He also asked the Colorado trial court to appoint counsel to aid him in pursuit of the motion.  When some months passed with no

_____

[1] Colorado Rule of Criminal Procedure 35(c) (1984) provides, in relevant part: "[E]very person convicted of a crime is entitled as a matter of right to make application for postconviction review upon the groun[d] . . . [t]hat the conviction was obtained or sentence imposed in violation of the Constitution or laws of the United States or the constitution or laws of this state."

responsive action, Wood filed a request for a ruling on his motion and accompanying request for counsel. The state court then granted Wood's plea for the appointment of counsel, but the record is completely blank on any further action regarding the 1995 motion. Second, Wood filed a new *pro se* motion for postconviction relief in Colorado court in 2004. On the first page of his second motion, he indicated that "[n]o other postconviction proceedings [had been] filed." Record in No. 08–cv–00247 (D Colo.), Doc. 15–5 (Exh. E), p. 1. The state court denied Wood's motion four days after receiving it.

Wood filed a federal habeas petition in 2008, which the District Court initially dismissed as untimely. App. 41a–46a. On reconsideration, the District Court vacated the dismissal and instructed the State to file a preanswer response "limited to addressing the affirmative defenses of timeliness . . . and/or exhaustion of state court remedies." *Id.,* at 64a–65a. On timeliness, the State represented in its preanswer response: "Respondents will not challenge, but are not conceding, the timeliness of Wood's [federal] habeas petition." *Id.,* at 70a. Consistently, in its full answer to Wood's federal petition, the State repeated: "Respondents are not challenging, but do not concede, the timeliness of the petition." *Id.,* at 87a.

Disposing of Wood's petition, the District Court dismissed certain claims for failure to exhaust state remedies, and denied on the merits Wood's two remaining claims—one alleging a double jeopardy violation and one challenging the validity of Wood's waiver of his Sixth Amendment right to a jury trial. *Id.,* at 96a–111a. On appeal, the Tenth Circuit ordered the parties to brief, along with the merits of Wood's double jeopardy and Sixth Amendment claims, "the timeliness of Wood's application for [federal habeas relief]." *Id.,* at 129a. After briefing, the Court of Appeals affirmed the denial of Wood's petition without addressing the merits; instead, the Tenth Circuit

held the petition time barred.  403 Fed. Appx. 335 (2010).
In so ruling, the Court of Appeals concluded it had author-
ity to raise timeliness on its own motion.  *Id.,* at 337, n. 2.
It further ruled that the State had not taken that issue off
the table by declining to interpose a statute of limitations
defense in the District Court.  *Ibid.*

    We granted review, 564 U. S. ___ (2011), to resolve two
issues: first, whether a court of appeals has the author-
ity to address the timeliness of a habeas petition on the
court's own initiative;[2] second, assuming a court of appeals
has such authority, whether the State's representations to
the District Court in this case nonetheless precluded the
Tenth Circuit from considering the timeliness of Wood's
petition.

## II

## A

    Under the Antiterrorism and Effective Death Penalty
Act of 1996 (AEDPA), 110 Stat. 1214, a state prisoner has
one year to file a federal petition for habeas corpus relief,
starting from "the date on which the judgment became
final by the conclusion of direct review or the expiration
of the time for seeking such review."   28 U. S. C.
§2244(d)(1)(A).   For a prisoner whose judgment became
final before AEDPA was enacted, the one-year limitations
period runs from the AEDPA's effective date: April 24,
1996.   See *Serrano* v. *Williams*, 383 F. 3d 1181, 1183
(CA10 2004).   "The one-year clock is stopped, however,
during the time the petitioner's 'properly filed' application
for state postconviction relief 'is pending.'"   *Day*, 547 U. S.,

———————
    [2] The Tenth Circuit's conclusion that it had authority to raise an
AEDPA statute of limitations defense *sua sponte* conflicts with the view
of the Eighth Circuit.  Compare 403 Fed. Appx. 335, 337, n. 2 (CA10
2010) (case below), with *Sasser* v. *Norris*, 553 F. 3d 1121, 1128 (CA8
2009) ("The discretion to consider the statute of limitations defense
*sua sponte* does not extend to the appellate level.").

at 201 (quoting 28 U. S. C. §2244(d)(2)).[3]

The state judgment against Wood became final on direct review in early 1990. See *supra,* at 2. Wood's time for filing a federal petition therefore began to run on the date of AEDPA's enactment, April 24, 1996, and expired on April 24, 1997, unless Wood had a "properly filed" application for state postconviction relief "pending" in Colorado state court during that period. Wood maintains he had such an application pending on April 24, 1996: the Rule 35(c) motion he filed in 1995. That motion, Wood asserts, remained pending (thus continuing to suspend the one-year clock) until at least August 2004, when he filed his second motion for postconviction relief in state court. The 2004 motion, the State does not contest, was "properly filed." Wood argues that this second motion further tolled the limitations period until February 5, 2007, exactly one year before he filed the federal petition at issue here. If Wood is correct that his 1995 motion remained "pending" in state court from April 1996 until August 2004, his federal petition would be timely.

In its preanswer response to Wood's petition, the State set forth its comprehension of the statute of limitations issue. It noted that Wood's "time for filing a habeas petition began to run on April 24, 1996, when the AEDPA became effective" and that Wood "had until April 24, 1997, plus any tolling periods, to timely file his habeas petition." App. 69a–70a. The State next identified the crucial question: Did Wood's 1995 state petition arrest the one-year statute of limitations period from 1996 until 2004? *Id.,* at 70a. "[I]t is certainly arguable," the State then asserted, "that the 1995 postconviction motion was abandoned

——————
[3] The one-year clock may also be stopped—or "tolled"—for equitable reasons, notably when an "extraordinary circumstance" prevents a prisoner from filing his federal petition on time. See *Holland* v. *Florida*, 560 U. S. ___ (2010). Wood does not contend that the equitable tolling doctrine applies to his case. App. 144a, n. 5.

before 1997 and thus did not toll the AEDPA statute of limitations at all." *Ibid.* But rather than inviting a decision on the statute of limitations question, the State informed the District Court it would "not challenge" Wood's petition on timeliness grounds; instead, the State simply defended against Wood's double jeopardy and Sixth Amendment claims on the merits.

## B

"Ordinarily in civil litigation, a statutory time limitation is forfeited if not raised in a defendant's answer or in an amendment thereto." *Day*, 547 U. S., at 202 (citing Fed. Rules Civ. Proc. 8(c), 12(b), and 15(a)). See also Habeas Corpus Rule 5(b) (requiring the State to plead a statute of limitations defense in its answer).[4] An affirmative defense, once forfeited, is "exclu[ded] from the case," 5 C. Wright & A. Miller, Federal Practice and Procedure §1278, pp. 644–645 (3d ed. 2004), and, as a rule, cannot be asserted on appeal. See *Day*, 547 U. S., at 217 (SCALIA, J., dissenting); *Weinberger* v. *Salfi*, 422 U. S. 749, 764 (1975); *McCoy* v. *Massachusetts Inst. of Technology*, 950 F. 2d 13, 22 (CA1 1991) ("It is hornbook law that theories not raised squarely in the district court cannot be surfaced for the first time on appeal.").

In *Granberry* v. *Greer*, we recognized a modest exception to the rule that a federal court will not consider a forfeited affirmative defense. 481 U. S., at 134. The District Court in *Granberry* denied a federal habeas petition on the merits. *Id.,* at 130. On appeal, the State argued for the first time that the petition should be dismissed because

———————
[4] We note here the distinction between defenses that are "waived" and those that are "forfeited." A waived claim or defense is one that a party has knowingly and intelligently relinquished; a forfeited plea is one that a party has merely failed to preserve. *Kontrick* v. *Ryan*, 540 U. S. 443, 458, n. 13 (2004); *United States* v. *Olano*, 507 U. S. 725, 733 (1993). That distinction is key to our decision in Wood's case.

the petitioner had failed to exhaust relief available in state court. *Ibid.* See Habeas Corpus Rule 5(b) (listing "failure to exhaust state remedies" as a threshold bar to federal habeas relief). Despite the State's failure to raise the nonexhaustion argument in the District Court, the Seventh Circuit accepted the argument and ruled for the State on that ground. We granted certiorari to decide whether a court of appeals has discretion to address a nonexhaustion defense that the State failed to raise in the district court. *Id.,* at 130.

Although "express[ing] our reluctance to adopt rules that allow a party to withhold raising a defense until after the 'main event' . . . is over," *id.,* at 132, we nonetheless concluded that the bar to court of appeals' consideration of a forfeited habeas defense is not absolute. *Id.,* at 133. The exhaustion doctrine, we noted, is founded on concerns broader than those of the parties; in particular, the doctrine fosters respectful, harmonious relations between the state and federal judiciaries. *Id.,* at 133–135. With that comity interest in mind, we held that federal appellate courts have discretion, in "exceptional cases," to consider a nonexhaustion argument "inadverten[tly]" overlooked by the State in the District Court. *Id.,* at 132, 134.[5]

In *Day*, we affirmed a federal district court's authority to consider a forfeited habeas defense when extraordinary circumstances so warrant. 547 U. S., at 201. There, the State miscalculated a time span, specifically, the number of days running between the finality of Day's state-court conviction and the filing of his federal habeas petition. *Id.,* at 203. As a result, the State erroneously informed the District Court that Day's petition was timely. *Ibid.* A

———————

[5] Although our decision in *Granberry* v. *Greer*, 481 U. S. 129 (1987), did not expressly distinguish between forfeited and waived defenses, we made clear in *Day* v. *McDonough*, 547 U. S. 198 (2006), that a federal court has the authority to resurrect only forfeited defenses. See *infra*, at 8–9.

Magistrate Judge caught the State's computation error and recommended that the petition be dismissed as untimely, notwithstanding the State's timeliness concession. *Id.,* at 204. The District Court adopted the recommendation, and the Court of Appeals upheld the trial court's *sua sponte* dismissal of the petition as untimely. *Ibid.*

Concluding that it would make "scant sense" to treat AEDPA's statute of limitations differently from other threshold constraints on federal habeas petitioners, we held "that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Id.,* at 209; *ibid.* (noting that Habeas Corpus Rule 5(b) places "'a statute of limitations' defense on a par with 'failure to exhaust state remedies, a procedural bar, [and] non-retroactivity.'"). Affording federal courts leeway to consider a forfeited timeliness defense was appropriate, we again reasoned, because AEDPA's statute of limitations, like the exhaustion doctrine, "implicat[es] values beyond the concerns of the parties." *Day*, 547 U. S., at 205 (quoting *Acosta* v. *Artuz*, 221 F. 3d 117, 123 (CA2 2000)); 547 U. S., at 205–206 ("The AEDPA statute of limitation promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time." (internal quotation marks omitted)).

We clarified, however, that a federal court does not have *carte blanche* to depart from the principle of party presentation basic to our adversary system. See *Greenlaw* v. *United States*, 554 U. S. 237, 243–244 (2008). Only where the State does not "strategically withh[o]ld the [limitations] defense or cho[o]se to relinquish it," and where the petitioner is accorded a fair opportunity to present his position, may a district court consider the defense on its own initiative and "'determine whether the interests of

justice would be better served' by addressing the merits or by dismissing the petition as time barred." *Day*, 547 U. S., at 210–211 (quoting *Granberry*, 481 U. S., at 136; internal quotation marks omitted). It would be "an abuse of discretion," we observed, for a court "to override a State's deliberate waiver of a limitations defense." 547 U. S., at 202. In Day's case itself, we emphasized, the State's concession of timeliness resulted from "inadvertent error," *id.,* at 211, not from any deliberate decision to proceed straightaway to the merits.

Consistent with *Granberry* and *Day*, we decline to adopt an absolute rule barring a court of appeals from raising, on its own motion, a forfeited timeliness defense. The institutional interests served by AEDPA's statute of limitations are also present when a habeas case moves to the court of appeals, a point *Granberry* recognized with respect to a nonexhaustion defense. We accordingly hold, in response to the first question presented, see *supra,* at 4, that courts of appeals, like district courts, have the authority—though not the obligation—to raise a forfeited timeliness defense on their own initiative.

## C

We turn now to the second, case-specific, inquiry. See *ibid.* Although a court of appeals has discretion to address, *sua sponte*, the timeliness of a habeas petition, appellate courts should reserve that authority for use in exceptional cases. For good reason, appellate courts ordinarily abstain from entertaining issues that have not been raised and preserved in the court of first instance. See *supra,* at 6. That restraint is all the more appropriate when the appellate court itself spots an issue the parties did not air below, and therefore would not have anticipated in developing their arguments on appeal.

Due regard for the trial court's processes and time investment is also a consideration appellate courts should

not overlook. It typically takes a district court more
time to decide a habeas case on the merits, than it does to
resolve a petition on threshold procedural grounds. See
Dept. of Justice, Bureau of Justice Statistics, R. Hanson &
H. Daley, Federal Habeas Corpus Review: Challenging
State Court Criminal Convictions 23 (NCJ–155504, 1995)
(district courts spent an average of 477 days to decide a
habeas petition on the merits, and 268 days to resolve
a petition on procedural grounds). When a court of appeals
raises a procedural impediment to disposition on the mer-
its, and disposes of the case on that ground, the district
court's labor is discounted and the appellate court acts
not as a court of review but as one of first view.

In light of the foregoing discussion of the relevant con-
siderations, we hold that the Tenth Circuit abused its
discretion when it dismissed Wood's petition as untimely.
In the District Court, the State was well aware of the
statute of limitations defense available to it and of the
arguments that could be made in support of the defense.
See *supra,* at 5–6. Yet the State twice informed the Dis-
trict Court that it "will not challenge, but [is] not conced-
ing" the timeliness of Wood's petition. See *supra,* at 3.
Essentially, the District Court asked the State: Will you
oppose the petition on statute of limitations grounds? The
State answered: Such a challenge would be supportable,
but we won't make the challenge here.

"[W]aiver is the 'intentional relinquishment or aban-
donment of a known right.'" *Kontrick* v. *Ryan,* 540 U. S.
443, 458, n. 13 (2004) (quoting *United States* v. *Olano,* 507
U. S. 725, 733 (1993)). The State's conduct in this case fits
that description. Its decision not to contest the timeliness
of Wood's petition did not stem from an "inadvertent er-
ror," as did the State's concession in *Day.* See 547 U. S.,
at 211. Rather, the State, after expressing its clear and
accurate understanding of the timeliness issue, see *supra,*
at 5–6, deliberately steered the District Court away from

the question and towards the merits of Wood's petition. In short, the State knew it had an "arguable" statute of limitations defense, see *supra,* at 5, yet it chose, in no uncertain terms, to refrain from interposing a timeliness "challenge" to Wood's petition. The District Court therefore reached and decided the merits of the petition. The Tenth Circuit should have done so as well.

\*     \*     \*

For the reasons stated, the judgment of the Court of Appeals for the Tenth Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*

# SUPREME COURT OF THE UNITED STATES

_____

No. 10–9995

_____

## PATRICK WOOD, PETITIONER *v.* KEVIN MILYARD, WARDEN, ET AL.

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF
APPEALS FOR THE TENTH CIRCUIT

[April 24, 2012]

JUSTICE THOMAS, with whom JUSTICE SCALIA joins, concurring in the judgment.

In *Day* v. *McDonough,* 547 U. S. 198 (2006), the Court held that a federal district court may raise *sua sponte* a forfeited statute of limitations defense to a habeas corpus petition. Relying on *Day* and *Granberry* v. *Greer,* 481 U. S. 129 (1987), the Court now holds that a court of appeals may do the same. Because I continue to think that *Day* was wrongly decided and that *Granberry* is inapposite, I cannot join the Court's opinion. See *Day*, 547 U. S., at 212–219 (SCALIA, J., joined by THOMAS and BREYER, JJ., dissenting).

As the dissent in *Day* explained, the Federal Rules of Civil Procedure apply in habeas corpus cases to the extent that they are consistent with the Habeas Corpus Rules, the habeas corpus statute, and the historical practice of habeas proceedings. *Id.,* at 212 (citing *Gonzalez* v. *Crosby,* 545 U. S. 524, 529–530 (2005), and *Woodford* v. *Garceau,* 538 U. S. 202, 208 (2003)). As relevant here, the Rules of Civil Procedure provide that a defendant forfeits his statute of limitations defense if he fails to raise it in his answer or in an amendment thereto. 547 U. S., at 212 (citing Rules 8(c), 12(b), 15(a)). That forfeiture rule is fully consistent with habeas corpus procedure. As an initial matter, the rule comports with the Habeas Rules' instruction

that a State "must" plead any limitations defense in its
answer.  *Id.,* at 212–213 (quoting Rule 5(b) (emphasis
deleted)).  Moreover, the rule does not conflict with the
habeas statute, which imposes a 1-year period of limita-
tions without any indication that typical forfeiture rules
do not apply.  *Id.,* at 213 (citing 28 U. S. C. §2244(d)(1)).
Finally, the rule does not interfere with historical practice.
Prior to the enactment of a habeas statute of limitations in
the Antiterrorism and Effective Death Penalty Act of 1996
(AEDPA), habeas practice included no limitations pe-
riod at all, much less one immune to forfeiture.  547 U. S.,
at 212.

  As the dissent in *Day* further explained, *id.,* at 214,
AEDPA's statute of limitations is distinguishable from the
equitable defenses that we have traditionally permitted
federal habeas courts to raise *sua sponte.*  See, *e.g.*, *Gran-
berry, supra*, at 133 (holding that appellate courts may
consider a habeas petitioner's failure to exhaust state rem-
edies despite a State's forfeiture of the defense).  Those
judicially created defenses were rooted in concerns of com-
ity and finality that arise when federal courts collaterally
review state criminal convictions.  *Day*, 547 U. S., at 214.
But those same concerns did not lead this Court to recog-
nize any equitable time bar against habeas petitions.  *Id.,*
at 214–215.  Thus, nothing in this Court's pre-existing
doctrine of equitable defenses supported the *Day* Court's
"decision to beef up the presumptively forfeitable 'limita-
tions period' of §2244(d) by making it the subject of *sua
sponte* dismissal."  *Id.,* at 215–216.

  For these reasons, I believe that the *Day* Court was
wrong to hold that district courts may raise *sua sponte*
forfeited statute of limitations defenses in habeas cases.  I
therefore would not extend *Day'*s reasoning to proceedings
in the courts of appeals.  Appellate courts, moreover, are
particularly ill suited to consider issues forfeited below.
Unlike district courts, courts of appeals cannot permit a

State to amend its answer to add a defense, nor can they develop the facts that are often necessary to resolve questions of timeliness. Cf. *id.,* at 209 (majority opinion) (finding no difference between a district court's ability to raise a forfeited limitations defense *sua sponte* and its ability to notice the State's forfeiture and permit an amended pleading under Rule of Civil Procedure 15).

In light of these considerations, I cannot join the Court's holding that a court of appeals has discretion to consider *sua sponte* a forfeited limitations defense. Nor can I join the Court's separate holding that the Court of Appeals abused its discretion by raising a defense that had been deliberately waived by the State. As the dissent in *Day* noted, there is no principled reason to distinguish between forfeited and waived limitations defenses when determining whether courts may raise such defenses *sua sponte.* See 547 U. S., at 218, n. 3 (explaining that, if "'values beyond the concerns of the parties'" justify *sua sponte* consideration of forfeited defenses, such values equally support *sua sponte* consideration of waived defenses). Therefore, I concur only in the judgment.