[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17674
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-02626-TWT; 1:06-cr-00299-TWT-LTW-1


NGUYEN VAN NGUYEN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(July 7, 2017)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Nguyen Van Nguyen appeals the dismissal of his motion to vacate as

untimely. 28 U.S.C. § 2255(f). Nguyen argued that, in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015), his three prior convictions for robbery did not qualify as predicate offenses under the Armed Career Criminal Act. The district court ruled that Nguyen "was sentenced under the ACCA 'elements test'" and, because he did "not [make] a *Johnson* claim," his motion was untimely as not filed within one year after his conviction became final. *See* 28 U.S.C. 2255(f)(1). We affirm that Nguyen's motion was untimely, but for a reason different than that relied on by the district court.

The district court did not err by dismissing Nguyen's motion as untimely. Nguyen failed to file his motion within one year after the Supreme Court ruled in *Johnson* that the residual clause of the Act is unconstitutionally vague, 18 U.S.C. § 924(e)(2)(B)(ii). Nguyen had until June 27, 2016, to move for relief based on *Johnson*, *see* Fed. R. Civ. P. 6(a)(3)(A), but he waited until July 11, 2016, two weeks after the one-year limitation period expired, to file his motion. Because the parties briefed the issue of timeliness and Nguyen replied to the argument that he missed the deadline, we may affirm on the ground advocated by the government. *See Wood v. Milyard*, 132 S. Ct. 1826, 1834 (2012).

We **AFFIRM** the dismissal of Nguyen's motion to vacate.