**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4264**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN HEITING,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paula Xinis, District Judge.  (8:16-cr-00434-PX-1)

Submitted:  September 30, 2019                     Decided:  November 7, 2019

Before WILKINSON, AGEE, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Allen H. Orenberg, ORENBERG LAW FIRM, PC, North Bethesda, Maryland, for Appellant.  Robert K. Hur, United States Attorney, Baltimore, Maryland, Joseph R. Baldwin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Heiting appeals from the criminal judgment convicting him after he pleaded guilty to distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (2012). The plea agreement was made pursuant to Fed. R. Crim. P. 11(c)(1)(C). Heiting contends that the district court erred in denying his motion to withdraw his guilty plea, in sentencing him above the stipulated range in his plea agreement, and in failing to give him the opportunity to allocute at sentencing. Finding no error, we affirm.

Heiting argues that the district court erred in denying his motion to withdraw his guilty plea because the plea was not made knowingly and voluntarily. After he entered his plea, he moved to withdraw it because did not have the mental competence to have a rational or factual understanding of the charges against him and he allegedly took an unspecified painkiller while in detention. Heiting also contests the district court's failure to accept the sentencing terms of the plea agreement, arguing that because the court stated on the first day of the sentencing hearing that it would accept the Fed. R. Crim. P. 11(c)(1)(C) hearing, it was improper to later rescind acceptance of the terms of the plea. Finally, Heiting contends that the court plainly erred when he was not given a sufficient opportunity to allocute and present fully to the court on mitigation of punishment. In conclusion, Heiting posits that the appeal is not barred by the appellate waiver in his plea agreement.

The Government contends that Heiting waived the argument that the court erred in denying the motion to withdraw the guilty plea because he was offered the opportunity to withdraw his plea at sentencing pursuant to Fed. R. Crim. P. 11(c)(5). Heiting did not

address this in his opening brief or reply brief. His opening brief only addresses the waiver of right to appeal in his plea agreement. He posits that the waiver does not bar the appeal because the district court did not impose a sentence in accordance with Rule 11(c)(1)(C). The Government does not raise the waiver of appeal in the plea agreement. Rather, the Government raises waiver in a different context.

As we have recognized, "[a] 'waiver is the intentional relinquishment or abandonment of a known right.'" *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) (quoting *Wood v. Milyard*, 132 S. Ct. 1826, 1835 (2012)). "Waiver is to be distinguished from 'forfeiture,' which is 'the failure to make the timely assertion of a right.'" *Id.* (quoting *Kontrick v. Ryan*, 540 U.S. 443, 458, n.13 (2004)). "[W]hen a claim is waived, it is not reviewable on appeal, even for plain error." *Id.* "Rather, a valid waiver means that there was no error at all." *Id.* (internal quotation marks omitted).

We determine that the case at hand is one of waiver. At the sentencing hearing that began on April 9th, 2018, the court told Heiting's counsel that it was contemplating a sentence between 19 and 20 years. The court offered defense counsel the opportunity to have additional time with her client to discuss the implications. The court offered a continuance of three days to consider the implications if it chose a sentence above the agreed upon range in the plea agreement and rejected the plea agreement. Three days later, the court continued with the sentencing hearing. The court decided that it would not bind itself to the plea agreement and that it was therefore only bound by the statutory maximum for the count to which Heiting pleaded guilty, which was 20 years. Heiting's counsel stated that Heiting wished to continue with sentencing instead of withdrawing from the plea

3

agreement and going to trial. Heiting had an opportunity to withdraw his plea and chose not to, therefore his right to challenge the denial of the motion to withdraw was waived.

Heiting also argues that the court erred in imposing the 20-year sentence, which was outside the range specified in the plea agreement. "When the Government and a defendant enter a Type-C agreement, the district court has three choices: It 'may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.'" *Hughes v. United States*, 138 S. Ct. 1765, 1773 (2018) (quoting Fed. R. Crim. P. 11(c)(3)(A)). "If the court rejects the agreement, the defendant may withdraw his guilty plea." *Id.* (citing Fed. R. Crim. P. 11(c)(5)(B)); *see also United States v. Lewis*, 633 F.3d 262, 270 (4th Cir. 2011) (noting "a district court is not obliged to accept a particular plea agreement between the government and an accused, as it always has the authority to either accept or reject any agreement"; and if the court rejects a Rule 11(c)(1)(C) agreement, "it must, on the record, comply with Rule 11(c)(5)").

"In deciding whether to accept an agreement that includes a specific sentence, the district court must consider the Sentencing Guidelines." *Hughes*, 138 S. Ct. at 1773. "The court may not accept the agreement unless the court is satisfied that '(1) the agreed sentence is within the applicable guideline range; or (2)(A) the agreed sentence is outside the applicable guideline range for justifiable reasons; and (B) those reasons are set forth with specificity.'" *Id.* (citation omitted). "[T]he decision whether to accept the agreement will often be deferred until the sentencing hearing,' which means that 'the decision whether to accept the plea agreement will often be made at the same time that the defendant is sentenced.'" *Id.* (citation omitted). In fact, "[t]his is generally the preferred practice."

4

*United States v. Cota-Luna*, 891 F.3d 639, 647 (6th Cir. 2018). This court reviews a district court's decision to reject the parties' Rule 11(c)(1)(C) agreement for abuse of discretion. *Id.; United States v. Sandoval-Enrique,* 870 F.3d 1207, 1213-14 (10th Cir. 2017); *see also United States v. Midgett*, 488 F.3d 288, 297 (4th Cir. 2007).

We conclude that the district court did not err or abuse its discretion in this case. It followed the preferred practice by deferring its decision on whether to accept the parties' Rule 11(c)(1)(C) sentence bargain until after it had reviewed the PSR. In fact, the district court was *required* to consider the Sentencing Guidelines when deciding whether to accept the parties' Rule 11(c)(1)(C) agreement; and it was *prohibited* from accepting the agreement unless it was satisfied that the agreed-upon sentence was either within the Guidelines range or outside the range for justifiable reasons. *See Hughes*, 138 S. Ct. at 1773. As it was not so satisfied based on cogent reasons, it did not abuse its discretion in rejecting the parties' agreement. Moreover, the court complied with Fed. R. Crim. P. 11(c)(5) in this case.

Heiting also raises a challenge to the sentencing hearing. He alleges that the court did not provide him an adequate opportunity to allocute. Because Heiting did not challenge the sufficiency of his opportunity to allocute in the district court, our review is for plain error. *United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007). To establish plain error, Heiting must demonstrate that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights. *Henderson v. United States*, 133 S. Ct. 1121, 1126 (2013). Even if these requirements are met, this court will "exercise [its] discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of

5

judicial proceedings." *United States v. Nicholson*, 676 F.3d 376, 381 (4th Cir. 2012) (internal quotation marks omitted).

The district court at sentencing must "address the defendant personally in order to permit the defendant to speak or present information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A)(ii). This right to allocution is not satisfied by "[m]erely affording the [d]efendant's counsel the opportunity to speak;" instead, "[t]rial judges should leave no room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." *United States v. Cole*, 27 F.3d 996, 998 (4th Cir. 1994) (internal quotation marks omitted). "As the Supreme Court has noted, '[t]he most persuasive counsel may not be able to speak for a defendant as the defendant might, with halting eloquence, speak for himself.'" *Muhammad*, 478 F.3d at 249 (quoting *Green v. United States*, 365 U.S. 301, 304 (1961) (plurality)).

Here, the court invited Heiting to allocute. As the sentencing hearing drew to a close the court addressed Heiting and said, "Mr. Heiting, this is your opportunity if there is anything that you wish for me to know from you. . . . [T]his is your opportunity. . . . [I]f there is anything you wish for me to know before I impose a sentence from you, now is your opportunity." (J.A. 712). Heiting replied that he did not wish to speak. The court then told Heiting, that if he changed his mind, to let the court know and confirmed with defense counsel that Heiting understood. We conclude there is no error, plain or otherwise, related to Heiting's right to allocute.

Finding no error in the contested district court rulings, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately

6

presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*