Per Curiam.
*594 In Fifth Third Bancorp v. Dudenhoeffer , 573 U.S. 409, 134 S.Ct. 2459, 189 L.Ed.2d 457 (2014), we held that "[t]o state a claim for breach of the duty of prudence" imposed on plan fiduciaries by the Employee Retirement Income Security Act of 1974 (ERISA) "on the basis of inside information, a plaintiff must plausibly allege an alternative action that the defendant could have taken that would have been consistent with the securities laws and that a prudent fiduciary in the same circumstances would not have viewed as more likely to harm the fund than to help it." Id., at 428, 134 S.Ct. 2459. We then set out three considerations that "inform the requisite analysis." Ibid.
First, we pointed out that the "duty of prudence, under ERISA as under the common law of trusts, does not require a fiduciary to break the law." Ibid. Accordingly, "ERISA's duty of prudence cannot require" the fiduciary of an Employee Stock Ownership Plan (ESOP) "to perform an action-such as divesting the fund's holdings of the employer's stock on the basis of inside information-that would violate the securities laws." Ibid.
We then added that, where a complaint "faults fiduciaries for failing to decide, on the basis of the inside information, to refrain from making additional stock purchases or for failing to disclose that information to the public so that the stock would no longer be overvalued, additional considerations arise." Id., at 429, 134 S.Ct. 2459. In such cases, "[t]he courts should consider the extent to which an ERISA-based obligation either to refrain on the basis of inside information from making a planned trade or to disclose inside information to the public could conflict with the complex insider trading and corporate disclosure requirements imposed by the federal securities laws or with the objectives of those laws." Ibid. We noted that the "U. S. Securities and Exchange Commission ha[d] not advised us of its views on these matters, and we believe[d] those views may well be relevant." Ibid.
Third, and finally, we said that "lower courts faced with such claims should also consider whether the complaint has plausibly alleged that a prudent fiduciary in the defendant's position could not have concluded that stopping purchases-which the market might take as a sign that insider fiduciaries viewed the employer's stock as a bad investment-or publicly disclosing negative information would do more harm than good to the fund by causing a drop in the stock price and a concomitant drop in the value of the stock already held by the fund." Id., at 429-430, 134 S.Ct. 2459.
The question presented in this case concerned what it takes to plausibly allege an alternative action "that a prudent fiduciary in the same circumstances would not have viewed as more likely to harm the fund than to help it." Id., at 428, 134 S.Ct. 2459. It asked whether Dudenhoeffer 's " 'more harm than good' pleading standard can be satisfied by generalized allegations that the harm of an inevitable disclosure of an alleged fraud generally increases over time." Pet. for Cert. i.
In their briefing on the merits, however, the petitioners (fiduciaries of the ESOP at issue here) and the Government (presenting the views of the Securities and Exchange Commission as well as the Department of Labor), focused their arguments primarily upon other matters. The petitioners argued that ERISA imposes no duty on an ESOP fiduciary to act on inside information. And the Government argued that an ERISA-based duty to disclose inside *595 information that is not otherwise required to be disclosed by the securities laws would "conflict" at least with "objectives of " the "complex insider trading and corporate disclosure requirements imposed by the federal securities laws ...." Dudenhoeffer , 573 U.S. at 429, 134 S.Ct. 2459.
The Second Circuit "did not address the[se] argument[s], and, for that reason, neither shall we." F. Hoffmann-La Roche Ltd. v. Empagran S. A. , 542 U.S. 155, 175, 124 S.Ct. 2359, 159 L.Ed.2d 226 (2004) (citation omitted); see Cutter v. Wilkinson , 544 U.S. 709, 718, n. 7, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005) ("[W]e are a court of review, not of first view"). See also 910 F.3d 620 (2018). Nevertheless, in light of our statement in Dudenhoeffer that the views of the "U. S. Securities and Exchange Commission" might "well be relevant" to discerning the content of ERISA's duty of prudence in this context, 573 U.S. at 429, 134 S.Ct. 2459, we believe that the Court of Appeals should have an opportunity to decide whether to entertain these arguments in the first instance. For this reason we vacate the judgment below and remand the case, leaving it to the Second Circuit whether to determine their merits, taking such action as it deems appropriate.
It is so ordered .
Justice KAGAN, with whom Justice GINSBURG joins, concurring.
Today's per curiam vacates and remands so that the Court of Appeals for the Second Circuit can decide whether to consider two arguments that occupied most of the briefing in this Court even though the lower courts had not addressed them. I join the Court's opinion with two further notes.
First, the Court of Appeals may of course determine that under its usual rules of waiver or forfeiture, it will not consider those arguments. The per curiam is clear that the Second Circuit is to "decide whether to entertain" the arguments in the first instance. Ante , at 594-95. If the arguments were not properly preserved, sound judicial practice points toward declining to address them. See, e .g ., Wood v. Milyard , 566 U.S. 463, 473, 132 S.Ct. 1826, 182 L.Ed.2d 733 (2012) ("For good reason, appellate courts ordinarily abstain from entertaining issues that have not been raised and preserved"). That is so, contrary to Justice GORSUCH's suggestion, whether or not the issue will come back in the future. See post , at 596 (concurring opinion).
Second, if the Court of Appeals chooses to address the merits of either argument, the opening question must be whether it is consistent with this Court's decision in Fifth Third Bancorp v. Dudenhoeffer , 573 U.S. 409, 134 S.Ct. 2459, 189 L.Ed.2d 457 (2014). I cannot see how. The petitioners argue that ERISA "imposes no duty on an ESOP fiduciary to act on insider information." Ante , at 594. But Dudenhoeffer makes clear that an ESOP fiduciary at times has such a duty; the decision sets out exactly what a plaintiff must allege to state a claim that the fiduciary breached his duty of prudence by "failing to act on inside information." 573 U.S. at 423, 134 S.Ct. 2459 ; see id ., at 428, 134 S.Ct. 2459 ; ante , at 594. For its part, the Government argues that (absent extraordinary circumstances) an ESOP fiduciary has only the duty to disclose inside information that the federal securities laws already impose. See ante , at 594-95. But Dudenhoeffer characterizes the relationship between ERISA's duty of prudence and the securities laws differently. It recognizes that a fiduciary can have no obligation to take actions "violat[ing] the securities laws" or "conflict[ing]" with their "requirements" or "objectives." 573 U.S. at 428-429, 134 S.Ct. 2459 ; see ante , at 594. At the same time, *596 the decision explains that when an action does not so conflict, it might fall within an ESOP fiduciary's duty-even if the securities laws do not require it. See 573 U.S. at 428, 134 S.Ct. 2459. The question in that conflict-free zone is whether a prudent fiduciary would think the action more likely to help than to harm the fund. See id ., at 428, 430, 134 S.Ct. 2459 ; see ante , at 594 . The Government candidly acknowledges that its approach would mostly wipe out that central aspect of the Dudenhoeffer standard. See Brief for United States as Amicus Curiae 22. That too does not accord with the decision.*

Justice GORSUCH essays still another argument, but it also conflicts with Dudenhoeffer . He claims that an ESOP fiduciary can never have a duty under ERISA to make disclosures "in their capacities as corporate officers." Post, at 596. But Dudenhoeffer spells out when ERISA forecloses such a duty-when making the disclosure would conflict with the requirements and objectives of the securities laws. See 573 U.S. at 429, 134 S.Ct. 2459. Absent a conflict of that kind, there is no categorical exclusion: The question, stated once again, is whether a prudent fiduciary would think the disclosure more likely to benefit than to harm the fund. See id., at 429-430, 134 S.Ct. 2459.