Jander v. International

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————

August Term, 2019

(Argued: September 7, 2018         Decided: December 10, 2018
Vacated: January 14, 2020        Reinstated: June 22, 2020)

Docket No. 17-3518

————————

LARRY W. JANDER, and all other individuals similarly situated,
RICHARD J. WAKSMAN,

*Plaintiffs-Appellants,*

—v.—

RETIREMENT PLANS COMMITTEE OF IBM, RICHARD CARROLL,
ROBERT WEBER, MARTIN SCHROETER,

*Defendants-Appellees,*

INTERNATIONAL BUSINESS MACHINES CORPORATION,

*Defendant.*

————————

Before:

KATZMANN, *Chief Judge*, SACK AND RAGGI, *Circuit Judges*.

_____

The judgment entered pursuant to our initial opinion in this appeal, *see* 910 F.3d 620 (2d Cir. 2018), was vacated by the Supreme Court and remanded for further consideration. We reinstate the judgment.

_____

Samuel E. Bonderoff, Jacob H. Zamansky, James Ostaszewski, Zamansky LLC, New York, NY, *for Plaintiffs-Appellants*.

Paul D. Clement, George W. Hicks, Jr., C. Harker Rhodes IV, Kirkland & Ellis LLP, Washington, DC; Lawrence Portnoy, Michael S. Flynn, David B. Toscano, Zachary A. Kaufman, Davis Polk & Wardwell LLP, New York, NY, *for Defendants-Appellees*.

Kate O'Scannlain, Solicitor of Labor, G. William Scott, Associate Solicitor for Plan Benefits Security, Thomas Tso, Counsel for Appellate and Special Litigation, Eirik Cheverud, Trial Attorney, U.S. Department of Labor, Washington, DC, *for Amicus Curiae U.S. Secretary of Labor*.

Michael A. Conley, Solicitor, David D. Lisitza, Senior Litigation Counsel, Securities and Exchange Commission, Washington, DC, *for Amicus Curiae Securities and Exchange Commission*.

Nicole A. Saharsky, Brian D. Netter, Mayer Brown LLP, Washington, DC; Nancy G. Ross, Mayer Brown LLP, Chicago, IL, *for Amici Curiae the Chamber of Commerce of the United States of America, the Securities Industry and Financial Markets Association, the ERISA Industry Committee, and the American Benefits Council in Support of Defendants-Appellees*.

_____

PER CURIAM:

In this case, plaintiffs, participants in IBM's employee stock option plan, allege that the plan's fiduciaries breached their duty of prudence under the Employee Retirement Income Security Act of 1974 ("ERISA"). The district court granted defendants' motion to dismiss, *Jander v. Ret. Plans Comm. of IBM*, 272 F. Supp. 3d 444 (S.D.N.Y. 2017), and this Court reversed and remanded, *Jander v. Ret. Plans Comm. of IBM*, 910 F.3d 620 (2d Cir. 2018). The Supreme Court then granted defendants' petition for certiorari, *Ret. Plans Comm. of IBM v. Jander*, 139 S. Ct. 2667 (2019) (mem.), which presented the question whether a plaintiff can state a duty-of-prudence claim based on "generalized allegations that the harm of an inevitable disclosure of an alleged fraud generally increases over time," Petition for Writ of Certiorari at *i*, *Ret. Plans Comm. of IBM v. Jander*, 140 S. Ct. 592 (2020) (No. 18-1165). The Supreme Court also granted the government's motion to participate in oral argument as an amicus curiae in support of neither party, so that it could present the views of the Department of Labor and the Securities and Exchange Commission. *Ret. Plans Comm. of IBM v. Jander*, 140 S. Ct. 398 (2019) (mem.).

After hearing oral argument, the Supreme Court vacated the judgment of this Court and remanded for further proceedings. *See Ret. Plans Comm. of IBM v. Jander*, 140 S. Ct. 592, 595 (2020) (per curiam). In its opinion, the Supreme Court explained that defendants' and the government's post-certiorari arguments primarily addressed matters that fell beyond the question presented to the Supreme Court, and that had not been raised before this Court. So that this Court could "have an opportunity to decide whether to entertain these arguments in the first instance," the Supreme Court "le[ft] it to the Second Circuit whether to determine their merits, taking such action as it deems appropriate." *Id.*

On remand, we invited the parties to submit supplemental briefs regarding the appropriate disposition of this appeal, including whether we should consider any arguments not previously raised before this Court. We also invited the government to submit a supplemental brief as an amicus curiae. The parties and the government have now submitted supplemental briefs, as have amici curiae the Chamber of Commerce of the United States of America, the Securities Industry and Financial Markets Association, the ERISA Industry Committee, and the American Benefits Council.

Having reviewed the submissions from the parties and amici, we now reinstate the judgment entered pursuant to our initial opinion. The arguments raised in the supplemental briefs either were previously considered by this Court or were not properly raised. To the extent that the arguments were previously considered, we will not revisit them. To the extent that they were not properly raised, they have been forfeited, and we decline to entertain them. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs . . . normally will not be addressed on appeal."). Accordingly, the judgment of the district court is reversed, and the case is remanded for further proceedings consistent with our initial opinion.