UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH KON,<br><br>Petitioner-Appellant,<br><br>v.<br><br>STUART SHERMAN, Warden,<br><br>Respondent-Appellee. | No.  18-55401<br><br>D.C. No.<br>8:16-cv-00397-SVW-SK<br><br>ORDER |

Before:  BERZON and WATFORD, Circuit Judges, and WHALEY,* District Judge.

Respondent's Petition for Panel Rehearing, Docket Entry No. 41, is

**DENIED**. The Memorandum Disposition filed December 13, 2019, Docket Entry

No. 35, is **WITHDRAWN** and **REPLACED** by a new Memorandum Disposition

filed concurrently with this order.

---

*    The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 31 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENNETH KON, | No. 18-55401 |
| Petitioner-Appellant, | D.C. No. 8:16-cv-00397-SVW-SK |
| v. | |
| STUART SHERMAN, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted November 15, 2019
Pasadena, California

Before: BERZON and WATFORD, Circuit Judges, and WHALEY,[**] District Judge.

Kenneth Kon appeals from the denial of his petition for a writ of habeas corpus. We granted a certificate of appealability on the sole issue of whether his statements to the police were admitted in violation of his Fifth Amendment rights

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

under *Miranda v. Arizona*, 384 U.S. 436 (1966). We reverse and remand for an evidentiary hearing on this discrete issue.

1.  The parties dispute what standard of review should govern our analysis. The Warden argues that the California Court of Appeal's and Supreme Court's summary denials of Kon's state petitions were adjudications "on the merits" and therefore entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254(d). However, the state superior court issued a reasoned opinion denying Kon's petition on purely procedural grounds[1] and nothing indicates the appellate courts' subsequent summary denials relied on different reasoning. In these situations, we "look through" those summary denials and review the superior court's decision. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1195-96 (2018); *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). Because the superior court did not reach the merits of Kon's claim here at issue—despite the fact that he properly presented it—AEDPA does not apply and we review *de novo*. *See Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

2.  Kon contends that he invoked his right to counsel on three

---

[1] The Warden did not raise a procedural default defense before either the district court or this court. At oral argument, counsel advised that this was a deliberate, tactical decision. As a result, any procedural default defense has been waived. *See Wood v. Milyard*, 566 U.S. 463, 472-74 (2012).

occasions—first in the high school parking lot immediately after his arrest, then twice more at the police station at the beginning of the recorded custodial interrogation. He argues that the police ignored these requests, continued to interrogate him, and elicited a confession, and that the admission of the recording at trial violated his rights under the Fifth Amendment.

Given that a suspect only needs to ask for counsel once and does not need to renew his or her request if interrogated again later, *see Edwards v. Arizona*, 451 U.S. 477, 482, 484-85 (1981), the key issue in this case is Kon's first alleged request. And here, Kon consistently alleged in his state and federal habeas petitions that after the police arrested him in the high school parking lot, he "asked an officer for a lawyer but was told that it was the end of the work day, none available." Because this allegation, if true, would entitle Kon to relief, and because he has never been afforded a state or federal hearing on his claim, we conclude that the district court erred in denying his request for an evidentiary hearing. *See Hurles v. Ryan*, 752 F.3d 768, 791-92 (9th Cir. 2014); *Earp v. Ornoski*, 431 F.3d 1158, 1167 (9th Cir. 2005).

**3.** The Warden argues that even if the Fifth Amendment violation occurred as alleged, it was nevertheless harmless because the jury also heard the victim's testimony and the recording of the covert telephone call conversation between Kon and the victim's mother.

In habeas proceedings, relief is only available if the constitutional error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). In a case nearly identical to this one, we held that the admission of a recorded confession met this standard when—despite the victim's detailed testimony—there was no physical evidence, the defendant's entire interrogation and apology letter were played for or read to the jury, and the prosecutor relied heavily on the custodial statements in closing argument. *Garcia v. Long*, 808 F.3d 771, 782-84 (9th Cir. 2015). The Warden emphasizes that the jury also heard the recording of the covert telephone call conversation between Kon and the victim's mother. However, the statements Kon made during this call were considerably less incriminating than the ones he made during the custodial interrogation.[2] He admitted to penetrating the victim—an element of one of the offenses for which he was convicted, Cal. Pen. Code § 288.7(b)—in the confession only. Accordingly, we conclude that the *Miranda* violation, if it occurred as alleged in the petition, had a substantial and injurious effect on the jury's decision with respect to Kon's conviction for Sexual Penetration With a Child 10 Years of Age or Younger, Cal. Pen. Code, § 288.7(b).

---

[2] The Warden also argues that because Kon testified, his custodial statements were still admissible for impeachment. While true, *see*, *e.g.*, *Bradford v. Davis*, 923 F.3d 599, 615 (9th Cir. 2019), the prosecutor did not use Kon's statements to impeach him but rather used them as substantive evidence of his guilt.

With respect to Kon's conviction for Committing a Lewd or Lascivious Act on a Child Under the Age of 14 Years, Cal. Pen. Code § 288(a), however, we conclude that the admission of the covert telephone call conversation rendered the alleged *Miranda* violation harmless. Thus, further habeas proceedings, including the evidentiary hearing, shall be limited to reviewing the legality of Kon's detention only as it relates to his conviction for Sexual Penetration With a Child 10 Years of Age or Younger.

**REVERSED and REMANDED for an evidentiary hearing.**