AMERICAN HOME ASSURANCE COMPANY, as subrogee of Crown Equipment Corporation, Plaintiff–Appellant,

v.

A.P. MOLLERMAERSK A/S, and/or Maersk Lines Doing Business as Maersk Sealand, Defendant–Appellee,

A.P. MollerMaersk A/S, and/or Maersk Lines, Third–Party–Plaintiff–Cross–Defendant,

BNSF Railway Company, Third–Party–Defendant–Counter–Defendant,

Panalpina, Inc., Defendant–Cross–Claimant–Counter–Claimaint.

No. 14–1212.

United States Court of Appeals, Second Circuit.

March 25, 2015.

Edward C. Radzik (John K. McElligott, Christopher J. DiCicco, on the brief), Marshall Dennehey Warner Coleman & Goggin, New York, N.Y. for Plaintiff–Appellant.

Christopher J. Merrick (Paul D. Keenan, on the brief), Keenan Cohen & Mer-

rick, P.C., Jenkintown, PA, for Defendant–Appellee.

PRESENT: RICHARD C. WESLEY, DEBRA ANN LIVINGSTON and SUSAN L. CARNEY, Circuit Judges.

## SUMMARY ORDER

This case arises from a 2006 train derailment near Newberry Springs, California. Plaintiff–Appellant American Home Assurance Company ("American Home") seeks to recover damages that the derailment caused to certain cargo for which it provided insurance and which was being shipped from Ohio and Indiana to Australia. Defendant A.P. MollerMaersk A/S ("Maersk"), an ocean carrier, agreed to transport the goods pursuant to a single shipping contract that covered the entire journey (a "through bill of lading"). Maersk subcontracted with BNSF Railway Company ("BNSF") to transport the cargo by rail from Illinois to California, where it was to be loaded upon Maersk's vessels for ocean carriage to Australia. On December 22, 2006, BNSF's train carrying the cargo derailed prior to reaching the port in California, damaging the cargo.

We otherwise assume the parties' familiarity with the underlying facts and review only briefly the case's complicated procedural history. On February 16, 2011, Judge Jones, in a Memorandum and Order, held that the "Carmack [Amendment] provides the default legal regime governing the inland leg of a multimodal shipment originating within the United States and traveling on a through bill of lading," and thus is applicable to the dispute in this case. *Am. Home Assurance Co. v. Panalpina, Inc.*, No. 07 CV 10947(BSJ), 2011 WL 666388, at *4 (S.D.N.Y. Feb. 16, 2011). In a March 2013 decision revisiting another Judge Jones decision, Chief Judge Preska[1] declined to revisit the February 2011 decision holding that the Carmack Amendment applies to American Home's claims against BNSF, and extended it in holding that "the Carmack Amendment governs the entire scope of Plaintiff's claims." *Am. Home Assurance Co. v. A.P. Moller–Maersk*, No. 07 Civ. 10947(BSJ)(GWG), 2013 WL 8558970, at *2 (S.D.N.Y. Mar. 12, 2013). After various other proceedings in the district court, on March 31, 2014, Judge Gardephe granted Maersk's motion for summary judgment and dismissed the case, finding that Chief Judge Preska's March 2013 order established the law of the case that Carmack was the governing legal liability regime. Judge Gardephe concluded that ocean carriers like Maersk are not subject to statutory Carmack liability and rejected American Home's argument that Maersk contracted into Carmack liability in Maersk's bill of lading. American Home timely appealed on April 17, 2014.

On appeal, American Home argues a different view of Maersk's bill of lading: that "Maersk assumed the entire responsibility for the transportation of the cargo, and thus placed itself in the position that BNSF would have been had BNSF contracted directly with [American Home]." Appellant Br. 17. Thus, American Home seeks to impose the liability scheme that governs BNSF's conduct on Maersk as a matter of contract. This argument—which would require us to revisit the district court's decision that the Carmack Amendment governs—is unavailing.

■ American Home affirmatively argued before the district court that the Carmack Amendment governs this case and in her February 2011 decision, Judge

1. This case was temporarily transferred to Chief Judge Preska when Judge Jones retired in January 2013. The case was then transferred to Judge Gardephe in May 2013.

Jones agreed. Any argument that the Carmack Amendment does not govern this dispute has been waived. Waiver is the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Given that waiver means that the "relinquish[ment]" was "knowing[ ] and intelligent[ ]," *Wood v. Milyard*, —— U.S. ——, 132 S.Ct. 1826, 1832 n. 4, 182 L.Ed.2d 733 (2012), the effect of waiver is that there was no error, and hence even plain-error analysis is unavailable, *see Puckett v. United States*, 556 U.S. 129, 138, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). In affirmatively arguing that the Carmack Amendment governs this case and not pressing its current contract-based argument, American Home waived the right to press that contract position before this Court. We agree with Judge Gardephe that "[h]aving prevailed on its argument that the Carmack Amendment governs this case, American Home must live with the consequences." *Am. Home Assurance Co. v. A.P. Moller–Maersk*, 13 F.Supp.3d 277, 288 (S.D.N.Y.2014).

Because we find that the district court properly interpreted the Carmack Amendment when it determined that Maersk is neither a rail carrier nor a freight forwarder and that Maersk did not agree to liability under the Carmack Amendment, we affirm the district court's grant of summary judgment to Maersk.

■ Finally, we reject American Home's attempts to avoid the district court's decision by raising a pure contract claim on appeal because the application of the Carmack Amendment to this case preempts any such claim. *See Project Hope v. M/V IBN SINA*, 250 F.3d 67, 73 n. 6 (2d Cir.2001) (Carmack Amendment "preempt[s] the shipper's state and common law claims against a carrier for loss or damage to goods during shipment"). We

have considered all of American Home's remaining arguments and find them to be without merit.

For the reasons stated above, the judgment of the district court is **AFFIRMED**.