14-1212
*American Home Assurance Co. v. A.P. MollerMaersk A/S*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand fifteen.

PRESENT:  RICHARD C. WESLEY,
           DEBRA ANN LIVINGSTON,
           SUSAN L. CARNEY,
                *Circuit Judges.*

---

AMERICAN HOME ASSURANCE COMPANY,
as subrogee of Crown Equipment Corporation,

           *Plaintiff-Appellant,*

     -v.-                        No. 14-1212

A.P MOLLERMAERSK A/S, AND/OR
MAERSK LINES DOING BUSINESS AS
MAERSKSEALAND,

           *Defendant-Appellee,*

1

A.P. MOLLERMAERSK A/S, AND/OR
MAERSK LINES,

*Third-Party-Plaintiff-Cross-Defendant,*

BNSF RAILWAY COMPANY,

*Third-Party-Defendant-Counter-Defendant,*

PANALPINA, INC.,

*Defendant-Cross-Claimant-Counter-Claimaint.*

---

| | |
|---|---|
| For Plaintiff-Appellant: | EDWARD C. RADZIK (John K. McElligott, Christopher J. DiCicco, *on the brief*), Marshall Dennehey Warner Coleman & Goggin, New York, N.Y. |
| For Defendant-Appellee: | CHRISTOPHER J. MERRICK (Paul D. Keenan, *on the brief*), Keenan Cohen & Merrick, P.C., Jenkintown, PA. |

Appeal from the United States District Court for the Southern District of New York (Gardephe, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

This case arises from a 2006 train derailment near Newberry Springs, California. Plaintiff-Appellant American Home Assurance Company

("American Home") seeks to recover damages that the derailment caused to certain cargo for which it provided insurance and which was being shipped from Ohio and Indiana to Australia. Defendant A.P. MollerMaersk A/S ("Maersk"), an ocean carrier, agreed to transport the goods pursuant to a single shipping contract that covered the entire journey (a "through bill of lading"). Maersk subcontracted with BNSF Railway Company ("BNSF") to transport the cargo by rail from Illinois to California, where it was to be loaded upon Maersk's vessels for ocean carriage to Australia. On December 22, 2006, BNSF's train carrying the cargo derailed prior to reaching the port in California, damaging the cargo.

We otherwise assume the parties' familiarity with the underlying facts and review only briefly the case's complicated procedural history. On February 16, 2011, Judge Jones, in a Memorandum and Order, held that the "Carmack [Amendment] provides the default legal regime governing the inland leg of a multimodal shipment originating within the United States and traveling on a through bill of lading," and thus is applicable to the dispute in this case. *Am. Home Assurance Co. v. Panalpina, Inc.*, No. 07 CV 10947 (BSJ), 2011 WL 666388, at *4 (S.D.N.Y. Feb. 16, 2011). In a March 2013 decision revisiting another Judge

Jones decision, Chief Judge Preska[1] declined to revisit the February 2011 decision holding that the Carmack Amendment applies to American Home's claims against BNSF, and extended it in holding that "the Carmack Amendment governs the entire scope of Plaintiff's claims." *Am. Home Assurance Co. v. A.P. Moller-Maersk*, No. 07 Civ. 10947(BSJ)(GWG), 2013 WL 8558970, at *2 (S.D.N.Y. Mar. 12, 2013). After various other proceedings in the district court, on March 31, 2014, Judge Gardephe granted Maersk's motion for summary judgment and dismissed the case, finding that Chief Judge Preska's March 2013 order established the law of the case that Carmack was the governing legal liability regime. Judge Gardephe concluded that ocean carriers like Maersk are not subject to statutory Carmack liability and rejected American Home's argument that Maersk contracted into Carmack liability in Maersk's bill of lading. American Home timely appealed on April 17, 2014.

On appeal, American Home argues a different view of Maersk's bill of lading: that "Maersk assumed the entire responsibility for the transportation of the cargo, and thus placed itself in the position that BNSF would have been had BNSF contracted directly with [American Home]." Appellant Br. 17. Thus,

---

[1] This case was temporarily transferred to Chief Judge Preska when Judge Jones retired in January 2013. The case was then transferred to Judge Gardephe in May 2013.

American Home seeks to impose the liability scheme that governs BNSF's conduct on Maersk as a matter of contract. This argument – which would require us to revisit the district court's decision that the Carmack Amendment governs – is unavailing.

American Home affirmatively argued before the district court that the Carmack Amendment governs this case and in her February 2011 decision, Judge Jones agreed. Any argument that the Carmack Amendment does not govern this dispute has been waived. Waiver is the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993). Given that waiver means that the "relinquish[ment]" was "knowing[] and intelligent[]," *Wood v. Milyard*, 132 S. Ct. 1826, 1832 n.4 (2012), the effect of waiver is that there was no error, and hence even plain-error analysis is unavailable, *see Puckett v. United States*, 556 U.S. 129, 138 (2009). In affirmatively arguing that the Carmack Amendment governs this case and not pressing its current contract-based argument, American Home waived the right to press that contract position before this Court. We agree with Judge Gardephe that "[h]aving prevailed on its argument that the Carmack Amendment governs this case, American Home

must live with the consequences." *Am. Home Assurance Co. v. Panalpina, Inc.*, 13 F. Supp. 3d 277, 288 (S.D.N.Y. 2014).

Because we find that the district court properly interpreted the Carmack Amendment when it determined that Maersk is neither a rail carrier nor a freight forwarder and that Maersk did not agree to liability under the Carmack Amendment, we affirm the district court's grant of summary judgment to Maersk.

Finally, we reject American Home's attempts to avoid the district court's decision by raising a pure contract claim on appeal because the application of the Carmack Amendment to this case preempts any such claim. *See Project Hope v. M/V IBN SINA*, 250 F.3d 67, 73 n.6 (2d Cir. 2001) (Carmack Amendment "preempt[s] the shipper's state and common law claims against a carrier for loss or damage to goods during shipment"). We have considered all of American Home's remaining arguments and find them to be without merit.

For the reasons stated above, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk