FILED
United States Court of Appeals
Tenth Circuit

June 12, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARC GENE CLARK,

    Defendant - Appellant.

No. 18-2048
(D.C. Nos. 1:05-CR-02260-JAP-1 &
1:16-CV-00651-JAP-SCY)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.

Defendant-Appellant Marc Gene Clark appeals from the district court's

dismissal with prejudice of his 28 U.S.C. § 2255 motion to vacate his conviction

under 18 U.S.C. § 924(c). The district court dismissed his § 2255 motion because

it determined that he was properly convicted of discharging a firearm during and

in relation to a crime of violence in violation of 18 U.S.C. § 924(c). In

---

[*]     After examining the briefs and appellate record, this panel has
determined unanimously to honor Mr. Clark's request for a decision on the briefs
without oral argument. FED. R. APP. P. 34(f); 10TH CIR. R. 34.1(G). The case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

dismissing the motion, the court concluded that Mr. Clark's robbery conviction under 18 U.S.C. § 2111 constituted a "crime of violence" that supported his § 924(c) conviction. We granted Mr. Clark a certificate of appealability ("COA"). Exercising jurisdiction under 28 U.S.C. § 1291, we **affirm** the district court's judgment dismissing Mr. Clark's § 2255 motion.

## I

On July 6, 2005, Mr. Clark entered a convenience store in Shiprock, New Mexico, located within the territory of the Navajo Nation. He robbed the store at gunpoint, discharging his firearm in the process. He was later arrested. And, on October 24, 2005, he was charged in a two-count information. That same day, he pleaded guilty to both counts.

With respect to count one, Mr. Clark pleaded guilty to violating 18 U.S.C. § 2111, a federal robbery statute. That statute makes it a crime to take or attempt to take "by force and violence, or by intimidation" anything of value "from the person or presence of another" while "within the special maritime and territorial jurisdiction of the United States [e.g., the Navajo Nation]." 18 U.S.C. § 2111; *see also id.* § 1152 (providing that "the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States . . . shall extend to the Indian country").

As to count two, Mr. Clark pleaded guilty to violating 18 U.S.C. § 924(c)(1)(A)(iii), which prohibits discharging a firearm during and in relation to an underlying "crime of violence." § 924(c)(1)(A)(iii). Section 924(c)(3) defines a "crime of violence," in turn, as a felony that either

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(A)–(B). Subsection (A) is referred to as the "elements clause," and subsection (B) is referred to as the "residual clause." The designated "crime of violence" underlying Mr. Clark's § 924(c)(1)(A)(iii) offense was his robbery conviction under § 2111. The district court sentenced Mr. Clark on the two counts to a total of 150 months' imprisonment.

Around a decade later, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). At issue there was a residual clause similar in wording to the one found in § 924(c)(3); it partially defines the term "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *Compare id.* § 924(e)(2)(B)(ii) (defining "violent felony" under the ACCA to include a felony that "presents a serious potential risk of physical injury to another"), *with id.* § 924(c)(3)(B) (defining "crime of violence" under § 924(c) to

3

include a felony that "involves a substantial risk that physical force against . . . another may be used").

The *Johnson* Court held that the residual clause's definition of "violent felony" under the ACCA was unconstitutionally vague, meaning that a sentence that is imposed under that clause "violates the Constitution's guarantee of due process." 135 S. Ct. at 2557, 2563. The Supreme Court later made its holding retroactive to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

Less than a year after *Johnson* was decided, Mr. Clark filed the instant § 2255 motion seeking vacatur of his § 924(c) conviction and resentencing on the remaining count. He argued, as an initial matter, that his motion was "timely filed [under § 2255(f)(3)] if filed within one year of the decision in *Johnson*."[1]

---

[1] In this regard, the government initially contested the timeliness of Mr. Clark's motion. Specifically, in supplemental briefing ordered by this panel in October 2018, the government argued that *Johnson* did not recognize the right asserted by Mr. Clark—i.e., the right not to be sentenced under § 924(c)(3)(B)'s residual clause—thereby rendering § 2255(f)(3) inapposite, and Mr. Clark's motion, in turn, time barred. But in the wake of the Supreme Court's decision issued several months later in *United States v. Davis*, 139 S. Ct. 2319 (2019)—as discussed in further detail *infra*—the government waived its time-bar claim, and indeed requested that "this Court . . . decide the matter on the merits." Aplee.'s Mem. Br. Related to the Impact of *United States v. Davis, et al.* at 3 [hereinafter Aplee.'s Suppl. Br. re *Davis*]. In light of the government's waiver of this argument, we need not take a position on whether Mr. Clark's motion invoking *Johnson* (*viz.*, not *Davis*) is actually timely, and we decline to do so here. *See United States v. Morgan*, 775 F. App'x 456, 457 (10th Cir. 2019) (unpublished)

(continued...)

4

R., Vol. I, at 5 (Mot. to Vacate Sentence, filed June 23, 2016); *see also*

§ 2255(f)(3) (providing that a defendant must file a § 2255 motion within one

year of "the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review").

On the merits, Mr. Clark argued that his underlying § 2111 offense was not

a "crime of violence" under either of § 924(c)(3)'s clauses. This argument

proceeded in two parts. First, he contended that—under *Johnson*'s

logic—§ 924(c)(3)(B)'s residual clause was invalid, and thus his § 2111

conviction did not qualify as a "crime of violence" under that clause. Second, he

argued that § 2111 does not satisfy § 924(c)(3)(A)'s elements clause under the

categorical approach (or, alternatively, the modified categorical approach), and

thus his § 2111 conviction was not a "crime of violence" under that clause. In

sum, Mr. Clark argued that his § 2111 conviction was not a lawful

---

[1](...continued)
("[W]e need not evaluate the timeliness of [the defendant's] . . . § 2255 motion"
where "the government has chosen to waive its timeliness objection to [that]
§ 2255 motion."); *see also Wood v. Milyard*, 566 U.S. 463, 466 (2012) ("A court
is not at liberty, we have cautioned, to bypass, override, or excuse a State's
deliberate waiver of a limitations defense."); *United States v. Mulay*, 725 F.
App'x 639, 643 (10th Cir. 2018) (unpublished) (recognizing that the rule
articulated in *Wood* applies to the government's waiver of its time-bar claim as to
a § 2255 motion).

crime-of-violence predicate offense for his § 924(c)(1)(A)(iii) conviction, and, consequently, the latter conviction could not stand.

The district court dismissed Mr. Clark's § 2255 motion, rejecting his arguments with respect to § 924(c)(3)'s residual and elements clauses. As to the former, the court declined to definitively rule on whether *Johnson*'s reasoning could be extended to invalidate § 924(c)(3)(B)'s residual clause, though it evinced serious skepticism that it could be so extended and concluded that, at a minimum, *Johnson* "does not clearly invalidate" the residual clause. R., Vol. I, at 15 (Dist. Ct. Mem. Op. & Order, filed Jan. 29, 2018). As to the latter, the district court was much more pointed; it explicitly declared that a § 2111 conviction *is* a "crime of violence" under § 924(c)(3)(A)'s elements clause. The district court thus held that the elements clause supported Mr. Clark's § 924(c)(1)(A)(iii) conviction and that he was therefore not entitled to the requested § 2255 relief. In the same memorandum opinion and order, the district court also denied Mr. Clark a COA.

Mr. Clark appealed from the district court's order dismissing his § 2255 motion, and we granted a COA on the following issue: "[w]hether the district court erred in rejecting Mr. Clark's argument that his conviction under 18 U.S.C. § 2111 did not qualify as a crime of violence under subsections (A) and (B) of 18

6

U.S.C. § 924(c)(3)?"  Order Granting COA, No. 18-2048, at 11 (10th Cir., filed Oct. 30, 2018).

## II

We now turn to resolving that issue.  To begin, we note that in reviewing the district court's denial of a § 2255 motion, "ordinarily 'we review the district court's findings of fact for clear error and its conclusions of law de novo.'" *United States v. Barrett*, 797 F.3d 1207, 1213 (10th Cir. 2015) (quoting *United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011)).  However, "where, as here, the district court does not hold an evidentiary hearing, but rather denies the motion as a matter of law upon an uncontested trial record, our review is strictly de novo."  *Rushin*, 642 F.3d at 1302.

Our review here is straightforward, largely owing to three key developments since Mr. Clark filed his appeal: (1) the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019); (2) the government's waiver of its time-bar claim against Mr. Clark's § 2255 motion following the Supreme Court's decision in *Davis*, *see supra* note 1; and (3) the decision recently reached by a panel of this court in *United States v. Shirley*, No. 18-2071, 2020 WL 1845275 (10th Cir. Apr. 13, 2020) (unpublished).  These three developments, taken together, enable us to dispose of Mr. Clark's § 2255 claim on the merits in fairly simple fashion.  We expound on each of these in turn.

The first key development bearing on Mr. Clark's appeal is the Supreme Court's decision in *United States v. Davis*, which was issued in 2019. There, the Court expressly held that § 924(c)(3)(B)'s residual clause "is unconstitutionally vague." *Davis*, 139 S. Ct. at 2336. Under *Davis*, in other words, a defendant "cannot be guilty of violating § 924(c)(1) if his . . . convictions qualify as crimes of violence only under § 924(c)(3)'s residual clause." *United States v. Bowen*, 936 F.3d 1091, 1098 (10th Cir. 2019); *see also id.* at 1097–98 (clarifying that *Davis* constitutes "a new constitutional rule that is retroactive on collateral review"). Significantly, what this ruling means for Mr. Clark is that his § 2111 conviction cannot qualify as a "crime of violence" under the residual clause so as to support his § 924(c)(1)(A)(iii) conviction.

Second, as a direct result of the Court's decision in *Davis*, several months later, the government advised this court in supplemental briefing that it was waiving its time-bar claim. *See* Aplee.'s Suppl. Br. re *Davis* at 3; *see also supra* note 1. This waiver means that we need not, and therefore do not, decide whether Mr. Clark's motion is actually timely, and instead can simply resolve his § 2255 claim on the merits. *See, e.g.*, *United States v. Mulay*, 725 F. App'x 639, 643 (10th Cir. 2018) (unpublished) (refusing to entertain the government's argument contesting the timeliness of the § 2255 motion at issue, because "the government

8

[had] affirmatively waive[d] the issue" and "[w]e would abuse our discretion if we were to address an intentionally abandoned argument").

The third, and most recent, salient development bearing on Mr. Clark's § 2255 claim is *United States v. Shirley*. There, a panel of this court confronted the same question that is centrally at issue here: whether a § 2111 conviction qualifies as a "crime of violence" under § 924(c)(3)(A)'s elements clause. The *Shirley* panel squarely answered that question in the affirmative, holding that a § 2111 robbery "meets the requirements of the elements clause of § 924(c)(3)(A)." *Shirley*, 2020 WL 1845275, at *4. In other words, a § 2111 robbery "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at *2 (quoting § 924(c)(3)(A)).

In reaching this decision, *Shirley* engaged in a well-reasoned, thoughtful analysis. Preliminarily, in its assessment of whether § 2111 satisfies § 924(c)(3)(A)'s elements clause, it framed the pertinent inquiry as follows: whether the defendant's § 2111 robbery offense required "violent force"; that is, "the quantum of force necessary to satisfy" the "physical force" element of § 924(c)(3)(A). *Id.* To make that determination, the panel applied the categorical approach, which means "ask[ing] whether the minimum force required to commit § 2111 Robbery qualifies as 'violent force.'" *Id.* And, though it agreed with the

9

defendant that § 2111 "incorporates the common-law definition of robbery," it ultimately concluded—contrary to the defendant's contentions—that common-law robbery *does* in fact constitute a "crime of violence." *Id.* at \*2**,** \*3.

The panel's conclusion was based on a careful survey of our caselaw and Supreme Court precedent involving analogous robbery statutes. *See id.* at \*3 (citing, *inter alia*, *Stokeling v. United States*, 139 S. Ct. 544, 548–55 (2019)*; United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–65 (10th Cir.), *cert. denied*, 139 S. Ct. 494 (2018)). This survey revealed "that the force element in common-law robbery statutes . . . can only be satisfied by violent force." *Id.* (omission in original) (quoting *Melgar-Cabrera*, 892 F.3d at 1065). The panel thus held that § 2111 robbery (which embodies the common-law definition of robbery) is a "crime of violence" as defined in § 924(c)(3)(A); it therefore affirmed the district court's judgment dismissing the defendant's § 2255 motion.

Suffice it to say, we find the panel's analysis in *Shirley* to be cogent and on point, and we therefore rule in the same manner here. We hold that a § 2111 conviction constitutes a "crime of violence" under § 924(c)(3)(A)'s elements clause, and that it is thus a lawful crime-of-violence predicate offense for Mr. Clark's § 924(c)(1)(A)(iii) conviction.

\*\*\*

10

In sum, the three key developments that have arisen during the pendency of this appeal—namely, the Supreme Court's decision in *Davis*, the government's waiver of its time-bar claim, and the decision recently reached by a panel of this court in *Shirley*—enable us to readily dispose of Mr. Clark's § 2255 claim on the express basis that his § 2111 conviction is a "crime of violence" under § 924(c)(3)(A)'s elements clause.

## III

Based on the foregoing, we **AFFIRM** the district court's judgment dismissing Mr. Clark's § 2255 motion.


ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge

11