**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 22-4740**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALIF JAN ADIL,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:21-cr-00277-TSE-1)

─────────────

Submitted:  December 19, 2023                                    Decided:  December 21, 2023

─────────────

Before HARRIS, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Cadence A. Mertz, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Nicholas J. Patterson, Assistant United States Attorney, Jacqueline R. Bechara, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Alif Jan Adil of abusive sexual contact, in violation of 18 U.S.C. § 2244(a)(3); coercion or enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b); and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(A), (b)(2). The district court sentenced Adil to a total of 150 months' imprisonment. On appeal, Adil argues that the district court plainly erred in instructing the jury on the elements of the § 2422(b) offense. The Government contends that Adil waived this claim. We affirm.

"A waiver is the intentional relinquishment or abandonment of a known right." *United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014) (internal quotation marks omitted)). "Waiver is to be distinguished from forfeiture, which is the failure to make the timely assertion of a right." *Id.* (internal quotation marks omitted). "[W]hen a claim is waived, it is not reviewable on appeal, even for plain error." *Id.* "Rather, a valid waiver means that there was no error at all." *Id.* (internal quotation marks omitted).

We conclude that Adil waived the claim he raises on appeal. While Adil now contends that the jury was required to find that he knew the age of the victim in order to find him guilty of the § 2422(b) offense, his decision to concede to the district court that the jury was not required to find this element "did not stem from an inadvertent error." *Wood v. Milyard*, 566 U.S. 463, 474 (2012) (internal quotation marks omitted). Rather, on multiple occasions, Adil "deliberately steered the [d]istrict [c]ourt away from the question" by telling the court "in no uncertain terms" that the court was not required to instruct the jury in the manner that Adil now claims was necessary. *Id.* Therefore, we conclude that

2

Adil waived any challenge to the district court's instruction on the knowledge-of-age requirement for a § 2422(b) conviction, and his claim is thus not reviewable on appeal.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*